In the Matter of the ESTATE of Richard LUBENOW, Deceased.

Albert LUBENOW, Petitioner and Respondent,

v.

Fred LUBENOW, Anthony Lubenow, Oscar Lubenow, Louise Matt, Frank Lubenow, Emil Lubenow, Arnold Lubenow, Roy Lubenow, Dorothy Tenneson, Eddie Johnson, and Evelyn Polikowsky, Appellants.

No. 8310.

Supreme Court of North Dakota.

Nov. 10, 1966.

and other nephews, or other relatives, because I have given directions to Albert Lubenow in this regard. He will see to it that my brothers on the farm, particularly, are provided for."

After the death of the testator, the will was presented to the county court of Richland County for probate. It was admitted as the last will and testament of the decedent, and the respondent, named as executor therein, was so appointed.

The county court held that the Third paragraph of the will set up a trust, but that it was void because its provisions were vague. When the petition of the executor for distribution of the estate under the will was presented, the court ordered that it be denied and that the estate be administered as if the decedent had died intestate, thus voiding the entire will.

An appeal was taken by Albert Lubenow from the decision of the county court, and the trial court reversed the order of the county court and ordered that the entire estate be decreed to Albert Lubenow. From this order of the district court the appellants have appealed to this court, demanding a trial de novo.

The only issue for consideration on this appeal is whether the last will and testament of the deceased Richard Lubenow was properly construed by the district court.

■■■ The order of the county court obviously cannot be sustained. The county court found that the testator, by the provisions in paragraph Third of the will, was attempting to set up a trust but that the trust was ineffective because the provisions of the trust were too vague. The provisions of paragraph Third of the will clearly do not set up a trust. All that it attempts to do is to advise that no provision has been made in the will for relatives other than Albert, "because I have given directions to Albert Lubenow in this regard." Not only is it vague, but it says absolutely nothing. And if the will has provisions which cannot be given effect,

Johnson, Milloy & Eckert, Wahpeton, for petitioner and respondent.

Lewis & Bullis, Wahpeton, for appellants.

STRUTZ, Judge.

Richard Lubenow died in 1953, leaving a will devising and bequeathing all of his real and personal property to a nephew, Albert Lubenow, the respondent herein. After the provisions of the will so devising and bequeathing all of his property to the respondent, he added a further clause designated as "Third," which clause reads as follows:

"Third: I have not made any specific bequests to my brothers and sister, nieces

that would not also make the valid provisions of paragraph Second of the will inoperative. Our statute specifically provides that, where there are two methods of interpreting a will, the one which will prevent total intestacy is preferred. Sec. 56–05–10, N.D.C.C.

There can be no doubt but what the testator, by paragraph Second, gave an absolute bequest to Albert. The language of that paragraph can leave no doubt as to his intention. He provided:

"Second: I hereby give, devise and bequeath to my nephew Albert Lubenow of Milwaukee, Wisconsin, all the rest, residue and remainder of my estate of every kind, nature and description, real and personal, and whereever [sic] situated."

Subsequent meaningless language in the will cannot destroy the absolute and clear bequest of paragraph Second. What do the words used in paragraph Third do, or try to do? At best, they do no more than express a wish or desire on the part of the testator as to what he would have the executor and devisee do. He says that he has made no provision in the will for other relatives because, " * * * I have given directions to Albert Lubenow in this regard. He will see to it that my brothers on the farm, particularly, are provided for." This is nothing but the expression of a hope on the part of the testator. He had confidence in Albert and felt that Albert would "see to it."

Unless the context of a will forces the conclusion that precatory words, or words of request or recommendation, were used in a stronger sense, they cannot be construed as a limitation on an absolute bequest. As was held by the California District Court of Appeal, Second District, Division 2, in construing words in a will which provided:

" * * * Any and all the rest of my effects I give to my mother to distribute as she deems wisest. * * *";

such provision does not create a trust or power of appointment and does not limit the absolute character of the gift paid to the mother. In re Schuster's Estate, 137 Cal.App.2d 125, 289 P.2d 847.

■ Where there is an unconditional devise made, as was done in paragraph Second in this will, and precatory words are used which are not imperative and not certain, they do not in any way impair the absolute and unconditional devise. Thus the results would be the same in this case even though paragraph Third and paragraph Second had been reversed in order and the assertion that Albert would see to it that brothers on the farm, particularly, were provided for had been expressed before the absolute devise and bequest was made in paragraph Second. In Holien v. Trydahl (N.D.), 134 N.W.2d 851, we said that, generally, an unrestricted devise of real property carries the fee, and a subsequent clause expressing a wish, desire, or even direction for disposition cannot defeat the devise or limit it in any way.

In Hagerott v. Davis, 73 N.D. 532, 17 N.W.2d 15, where the testator owned a large number of parcels of land, and had nine children but left all the property in his will to the mother of the children, feeling that she would do the right thing by the children, we held that such a statement was not a limitation upon the wife's right to the property.

For reasons stated herein, the order of the trial court, reversing the order of the county court, is hereby affirmed.

TEIGEN, C. J., and MURRAY, ERICKSTAD and KNUDSON, JJ., concur.