VAN RADEN HOMES, INC.,
a corporation, Plaintiff
and Appellant,

v.

DAKOTA VIEW ESTATES, a partnership, Hugo Olson, Kenneth V. Nordling, and other persons unknown claiming an estate or interest in, or lien or encumbrance on a property described in the Complaint, Defendants,

Benny E. Peterson, Curtis Mitskog, Robert Hastings, Delph Kundert, American Bank and Trust Company, as trustee of Byron Ogren, deceased, Defendants and Appellees.

Civ. No. 940032.

Supreme Court of North Dakota.

Aug. 24, 1994.

J. Philip Johnson, of Wold, Johnson, Feder, Brothers, Beauchene & Schimmelpfennig, Fargo, for plaintiff and appellant.

David A. Garaas, of Garaas Law Firm, and Craig A. Peterson (appearance), Fargo, for defendants and appellees.

VANDE WALLE, Chief Justice.

Van Raden Homes appealed from a district court judgment dismissing its action to quiet title to real property in Cass County. We reverse and remand for further proceedings.

This case involves seven undeveloped multiple-dwelling lots in Fargo. The former owners failed to pay real estate taxes for the years 1987 through 1991, and Cass County purchased the property at a tax sale in December 1988. In May 1992, the Cass County

Auditor served upon the former owners by registered mail a notice of expiration of the period of redemption. The notice of expiration of the period of redemption was published in the Fargo Forum on July 27, 1992. None of the former owners attempted to redeem the property. Cass County sold the lots to Van Raden after the redemption period expired.

Van Raden brought this quiet title action against all record titleholders and others claiming an interest in the property. The district court dismissed the action with prejudice, concluding that Sections 57–27–02(2) and 57–28–04, N.D.C.C., required the county auditor to publish the notice of expiration of the period of redemption three times and that the failure to do so was a jurisdictional defect.

■ The dispositive issue on appeal is whether our statutory scheme requires three publications of the notice of expiration of the period of redemption when the county has acquired property through a tax sale. We conclude that only one publication of the notice is required.

Chapter 57–28, N.D.C.C., governs procedures when property sold to the county at a tax sale is not redeemed; Chapter 57–27 governs procedures when property sold to a private purchaser at a tax sale is not redeemed. The former owners concede that prior to 1991 only one publication of the notice was required if the county purchased at the tax sale. The 1991 amendments to Chapter 57–28, N.D.C.C., [1991 N.D. Sess. Laws Ch. 659, §§ 11, 13], have created some confusion about the number of publications now required.

Section 57–28–06, N.D.C.C., requires a single publication of the notice of expiration of the period of redemption:

*"Service of notice by publication.* The county auditor shall serve notice of the expiration of the period of redemption by publication as to all property sold to the county for taxes for which notice is served upon the owner by registered mail.... The notice must be published once on or before August first in the official newspaper of the county."

Prior to 1991, Section 57–28–04, N.D.C.C., provided general procedures for service of the notice, but was silent as to publication of the notice. The 1991 amendment to Section 57–28–04 eliminated the separate procedural guidelines and incorporated by reference the procedures for service of the notice under Chapter 57–27, N.D.C.C., applicable when a third party has purchased at the tax sale:

*"Service of notice of the expiration of the period of redemption.* The county auditor shall serve the notice of the expiration of the period of redemption for property sold to the county for taxes in the manner prescribed in subsections 2 through 6 of section 57–27–02."

Section 57–27–02, N.D.C.C., is a lengthy, broad statute detailing numerous procedures. Subsection (2) provides that, in certain situations, the notice of expiration of the period of redemption must be published three times:

"2. If the current assessment records show that a residential building is located on the property, the county auditor shall deliver the notice of expiration of the period of redemption to the sheriff who shall serve it or cause it to be served personally upon the owner, if known to be a resident of this state. If the owner is a nonresident of this state, the sheriff shall serve the notice by registered mail addressed to the owner at the owner's last known post-office address and determine whether personal service upon any person is required under subsection 4. If the current assessment records show that no residential building is located on the property, the auditor shall serve the notice by registered mail addressed to the owner at the owner's last known post-office address. If service is made by registered mail under this subsection, service must also be made by publication once in each week for three consecutive weeks in the official county newspaper."

■ When faced with conflicting statutory provisions on the same subject matter, we make every attempt to harmonize and give meaning to each without rendering one or the other useless. *Maurer v. Wagner,* 509 N.W.2d 258, 260 (N.D.1993). See also Sec-

tions 1–02–07 and 1–02–38(2), N.D.C.C. However, the conflict between these statutes is irreconcilable. Section 57–27–02(2) requires three publications of the notice when service has been made by registered mail.· Section 57–28–06 requires a single publication when the property has been purchased by the county and service was by registered mail.

■ When conflicting statutory provisions cannot be harmonized, we apply the rule of Section 1–02–07, N.D.C.C., that specific provisions control over general provisions, absent a manifestation of legislative intent to the contrary. *In re Estate of Laschkewitsch*, 507 N.W.2d 65, 67 (N.D.1993); *In re Estate of O'Connell*, 476 N.W.2d 8, 11 (N.D.1991). Section 57–28–06 is a specific statute governing publication of notice of expiration of the period of redemption when the county has purchased the property at the tax sale. Its special application is demonstrated by the fact that it is date-specific: it requires that notice be published on or before August first, which meshes with the provision in Section 57–28–02, N.D.C.C., that the period of redemption expires on October first.

■ By contrast, the provision for three publications of the notice in Section 57–27–02(2), N.D.C.C., is part of a broad, general statute setting out various procedures when property sold to a private purchaser at a tax sale is not redeemed. Because there is no specific calendar date for expiration of the period of redemption when the property is purchased by someone other than the county, the publication requirement is not date-specific: the notice may be served and published any time after three years, but less than ten years, has passed since the tax sale, and the period of redemption expires ninety days after completed service of the notice. Sections 57–27–02(1) and 57–27–04, N.D.C.C. A particular statute specifically applicable to a statutory procedure must control over a conflicting general provision, particularly one that is made applicable only by general reference.

This result is also required by Section 1–02–27, N.D.C.C.:

*"Conflicts adjusted.* If the provisions of any chapter or title conflict with or contravene the provisions of any other chapter or title, the provisions of each chapter or title must prevail as to all matters in question arising thereunder out of the same subject matter."

Section 57–28–06, which is part of the chapter specifically addressing procedures when the county has purchased at the tax sale, must govern over provisions in Chapter 57–27, even if incorporated by reference, when a dispute arises under Chapter 57–28.

■ Statutes governing tax sale proceedings will generally be liberally construed in favor of the former owners of the property. See, e.g., *Fibelstad v. Grant County*, 474 N.W.2d 54, 61–62 (N.D.1991). However, our primary goal when interpreting statutes is to give full effect to the legislative intent. *Nesdahl Surveying & Engineering, P.C. v. Ackerland Corp.*, 507 N.W.2d 686, 688 (N.D. 1993). From our review of the legislative proceedings, we do not believe it was the intent of the 1991 Legislative Assembly to increase the number of publications required when the county purchases property at a tax sale. Sections 57–28–04 and 57–28–06 were both amended by 1991 House Bill 1427. See 1991 N.D. Sess. Laws Ch. 659, §§ 11, 13. That bill was initiated by the North Dakota County Auditors' Association, and the legislative history indicates that the purpose of the bill was to simplify the procedures for county auditors when property sold by tax sale is not redeemed. With that legislative goal in mind, we do not construe the 1991 amendments to require additional publications of the notice of expiration of the period of redemption.

We conclude that only one publication of the notice was required when the county had purchased at the tax sale. We reverse the judgment dismissing Van Raden's quiet title action and remand for further proceedings.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.