1997 ND 157

**Neal L. MARTIN, Plaintiff and Appellant,**

v.

**Carson MARTIN, Defendant and Appellee.**

**Civil No. 970008.**

Supreme Court of North Dakota.

Aug. 11, 1997.

Neil W. Fleming of Fleming, DuBois & Trenbeath (Cavalier branch), Cavalier, for defendant and appellee.

Alice R. Senechal of Robert Vogel Law Office, PC, Grand Forks, for plaintiff and appellant.

SANDSTROM, Justice.

[¶ 1] Neal Martin, son of Ray Martin, deceased, appeals from summary judgment directing the personal representative of Ray Martin's estate to lease certain property to Carson Martin. We are asked to decide whether the will requires Neal Martin to lease the property to Carson Martin. We conclude the language of the will requiring Neal Martin to lease the property to Carson Martin is mandatory, not precatory, and Carson Martin is legally entitled to lease the property. We further conclude the lease is not limited to one year, rather, Carson Martin is entitled to a ten-year lease.

I

[¶ 2] Ray Martin died November 16, 1995. His will devised all his real property to his wife, Lila, for life, then to his son, Neal Martin, for life, then to his grandsons, Karl and George. Lila died on December 16, 1995. Neal purchased the remainder interest from his sons and currently owns the land in fee simple. Immediately following the devise of land was the following provision:

"It is my desire that the real property be rented to the present tenant, Carson Martin, on a share-crop basis, in the same manner as I have rented it to him during my lifetime. To that end I direct that the property shall be leased to Carson Martin in that manner for so long a period of time as shall be considered lawful under the laws of the State of North Dakota after my death."

[¶ 3] On July 1, 1996, Neal Martin moved for summary judgment, seeking an order declaring Carson Martin does not have a legally enforceable right to lease the property. Alternatively, Neal sought declaration that if Carson had a legally enforceable right to lease the property, Neal was not required to grant a lease for more than one year. The district court denied the motion. The parties then stipulated as to the terms of the lease as it existed between Ray Martin and Carson Martin.

[¶ 4] On November 13, 1996, Carson Martin moved for summary judgment. On De-

cember 10, 1996, the court granted the motion, finding:

> "the clause is an enforceable devise of a ten year leasehold of the subject property. In the instant case, Ray Martin, by the express terms of his Will, clearly expressed his intent and gave specific direction concerning the disposition of his property .... the clause ... is imperative and certain."

The court ordered the personal representative to lease the subject property to Carson Martin for ten years.

[¶ 5] Neal Martin appeals from the December 10, 1996, judgment of the Pembina County District Court. The district court had jurisdiction under N.D.C.C. § 30.1–02–02. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] "Summary judgment is appropriate if the only question to be decided is a question of law." *Matter of Estate of Opatz*, 554 N.W.2d 813, 815 (N.D.1996); N.D.R.Civ.P. 56(e). "[O]n appeal from a grant of summary judgment, we view the evidence in a light most favorable to the party against whom the summary judgment was granted, and give that party the benefit of all inferences that can reasonably be drawn therefrom." *Pulkrabek v. Sletten*, 557 N.W.2d 225, 226–27 (N.D.1996); *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy*, 1997 ND 54, ¶ 7, 561 N.W.2d 634. "We may only determine if a genuine issue of fact exists and if the law was applied correctly." *Pulkrabek* at 227.

## III

[¶ 7] In construing a will, our primary goal is to give effect to the testator's intent. *Matter of Estate of Brown*, 1997 ND 11, ¶ 15, 559 N.W.2d 818; *Matter of Estate of Peterson*, 1997 ND 48, ¶ 14, 561 N.W.2d 618; N.D.C.C. § 30.1–09–03. "Where the language of a will is clear and unambiguous, the intent of the decedent must be determined from the language of the will itself." *Brown* at ¶ 16. In this case, Ray Martin expressed a "desire

that the real property be rented to the present tenant, Carson Martin," followed by a direction to lease the land in a specified manner.

[¶ 8] Neal Martin argues the use of the word "desire" does not create an obligation. Instead, he argues, the language is merely precatory. Carson Martin argues the district court correctly concluded, although the testator used the word "desire," the directing clause is "imperative and certain" and "clearly an integral part of Ray Martin's plan for disposition of his farmland."

[¶ 9] Precatory words are "[w]ords of entreaty, request, desire, wish, or recommendation." Black's Law Dictionary 1176 (6th ed.1990). " '[W]ords of request or expectation are presumably indicative of nothing more, unless the context, or the circumstances surrounding the testator when he made the will, show that he really meant to leave the devisee no option in the matter.' " *Gillespie v. Davis*, 242 Va. 300, 410 S.E.2d 613, 617 (1991) (quoting *Smith v. Trustees of the Baptist Orphanage*, 194 Va. 901, 75 S.E.2d 491, 494 (1953)); *see, e.g., In re Estate of Lubenow*, 146 N.W.2d 166, 167 (N.D.1966) (will providing the testator's nephew would "see to it" the other family members would be "provided for" did not defeat an absolute devise to the nephew).

[¶ 10] "[T]he term 'desire' is prima facie not mandatory, particularly in the context of its ordinary meaning ... [but] is often construed as mandatory where it appears from the context of the will to be a clear expression of [the] testator's intention." *Saunders v. Callaway*, 42 Wash.App. 29, 708 P.2d 652, 655 (1985). "The test used to determine if language is to be considered precatory or mandatory is the testator's intention, i.e. whether or not the testator intends to control the disposition of his property." *Sturdevant v. SAE Warehouse, Inc.*, 270 N.W.2d 794, 800 (N.D.1978).

[¶ 11] In this case, although Ray Martin used the word "desire," the following language contained a specific direction to lease the property to Carson Martin, including words addressing the terms and duration of the lease. Use of the word "direct" indi-

cates a command or order. *Sturdevant.* In *Lubenow,* this Court said, "generally, an unrestricted devise of real property ... and a subsequent clause expressing a wish, desire, or even direction for disposition cannot defeat the devise or limit it in any way." *Lubenow* at 168; *see also Matter of Estate of Zimbleman,* 539 N.W.2d 67, 72 (N.D.1995). So too is a mandatory directive which follows precatory language not defeated by the existence of precatory language. *See* 95 C.J.S. *Wills* § 602 (precatory words have "no legal effect" and do not "control or alter express dispositions"). The result is the same whether the precatory language appears before the mandatory directive or after it. *See Lubenow.* In this case, even if the words of "desire" are construed as precatory, the mere existence of those words does not defeat the subsequent mandatory direction to lease the property to Carson Martin. *See Zimbleman* (precatory language "does not make conditional the previous absolute devise").

[¶ 12] The district court correctly concluded the clause is "imperative and certain" and "clearly an integral part of Ray Martin's plan for disposition of his farmland." *See Sturdevant* at 800 (clause stating, "It is my intention ... and directive.... B. That my brother, Glen, and my sons, ... shall have the right to buy additional interests in the family business to the fullest extent of their ability" was not to be considered precatory).

## IV

[¶ 13] Next, Neal Martin argues, if the will is not ambiguous and Carson Martin is entitled to lease the property, Carson Martin is entitled to only a one-year oral lease. The district court had concluded "the clause is an enforceable devise of a ten year leasehold of the subject property."

[¶ 14] During Ray Martin's lifetime, Carson Martin leased the property from Ray Martin under an oral lease. Under N.D.C.C. § 9–06–04(3), "[a]n agreement for the leasing for a longer period than one year ... [is] invalid, unless the same or some note or memorandum thereof is in writing." Neal Martin argues the will provision requiring the land be rented "in the same manner as I

have rented it to [Carson Martin] during my lifetime" limits the devise to an oral lease.

[¶ 15] Although the will provides the land be rented "in the same manner," the will also provides the land be leased "for so long a period of time as shall be considered lawful under the laws of the State of North Dakota after my death." The maximum term of an agricultural property lease in North Dakota is ten years. N.D.C.C. § 47–16–02.

[¶ 16] In construing wills, this Court will "attempt to give effect to each word, clause, and provision." *Zimbleman* at 71; *Quandee v. Skene,* 321 N.W.2d 91, 95 (N.D. 1982).

" 'It is presumed that every word is intended by the testator to have some meaning; and no word or clause in the will is to be rejected to which a reasonable effect can be given. Where two constructions are suggested, the one disregarding a word or clause of a will, and the other giving effect to the will as a whole, the latter must be adopted.' "

*Quandee* (quoting 80 Am.Jur.2d *Wills* § 1135, p. 246). To construe "in the same manner" as limiting the devise to an oral lease of one year would create conflict with "so long as considered lawful under North Dakota law"—an agricultural property lease of up to ten years.

[¶ 17] If possible we will read will provisions to give meaning to each clause. *See Zimbleman* (rejecting interpretation creating ambiguity because the will could be read in a way that gives meaning to each clause). Interpreting "in the same manner" to refer to the general terms of the lease, and "for so long a period of time as shall be considered lawful under the laws of the State of North Dakota after my death" to govern the duration of the lease, gives effect to both provisions. We therefore reject Neal Martin's interpretation in favor of the interpretation giving meaning to both clauses. Carson Martin is entitled to a ten-year lease. Even if the will had only entitled Carson Martin to an oral lease, the will would have required successive annual leases for ten years.

## V

[¶ 18] Concluding the language of the will regarding the lease to Carson Martin is mandatory, and Carson Martin is legally entitled to a ten-year lease, we affirm.

[¶ 19] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.