1997 ND 169

Wayne STANLEY, Plaintiff
and Appellant,

v.

TURTLE MOUNTAIN GAS &
OIL, INC., Defendant.

and

Ranger Oil Company, formerly known as
Kissinger Petroleum Corporation,
Defendant and Appellee,

and

Ampolex (Texas), Inc., Defendant.

Robert STEEVES, Plaintiff
and Appellant,

v.

TURTLE MOUNTAIN GAS &
OIL, INC., Defendant.

and

Ranger Oil Company, formerly known as
Kissinger Petroleum Corporation,
Defendant and Appellee,

and

Ampolex (Texas), Inc., Defendant.

Carolyn R. JOHNSON, Plaintiff
and Appellant,

v.

TURTLE MOUNTAIN GAS &
OIL, INC., Defendant,

and

Ranger Oil Company, formerly known as
Kissinger Petroleum Corporation,
Defendant and Appellee,

and

Ampolex (Texas), Inc., Defendant.

Tim SCHNEIDERMAN, Brad Johnson,
David Steeves and Luci Steeves,
Plaintiffs and Appellants,

v.

TURTLE MOUNTAIN GAS &
OIL, INC., Defendant.

and

Ranger Oil Company, formerly known as
Kissinger Petroleum Corporation,
Defendant and Appellee.

AMPOLEX (TEXAS), INC., Defendant
and Third–Party Plaintiff,

v.

William F. STANLEY, Jr., d/b/a Stanley
Welding Shop and Stanley Welding
Inc., Third–Party Defendants.

Civil Nos. 970047–970050.

Supreme Court of North Dakota.

Aug. 14, 1997.

Collin P. Dobrovolny (appearance), of McGee, Hankla, Backes & Wheeler, Ltd., Minot, for plaintiff and appellant Wayne Stanley.

Jack Marcil (on brief), of Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for plaintiff and appellant Robert Steeves.

Orell D. Schmitz (appearance), of Schmitz, Moench & Schmidt, Bismarck, for plaintiff and appellant Tim Schneiderman.

David R. Bossart (argued), of Conmy, Feste, Bossart, Hubbard & Corwin, Ltd.,

Fargo, for plaintiffs and appellants David and Luci Steeves.

Steven C. Lian, of Farhart, Lian, Maxson, Louser & Zent, Minot, for defendant and appellee Ranger Oil Company.

SANDSTROM, Justice.

[¶ 1] Volunteer firefighters were seriously injured while fighting a fire at an oilfield tank battery. The firefighters and family members (firefighters) sued the owner-operator of the tank battery, and also sued former owner-operators. They settled their suits against the owner-operator. We are asked to decide if the firefighters may continue their negligence lawsuits against the former owner-operators who neither concealed nor failed to disclose any unreasonably dangerous conditions. We conclude they may not, and affirm the summary judgments of dismissal.

I

[¶ 2] The plaintiff firefighters sued three oil and gas companies, Turtle Mountain Gas and Oil, Inc., Ranger Oil Company, and Ampolex, Texas, Inc., to recover compensation for injuries sustained while fighting a fire at a tank battery site (Bruce 16–1) on September 15, 1991. At different times, the defendant oil and gas companies owned and operated Bruce 16–1 to collect oil from surrounding wells. Ranger Oil owned and operated Bruce 16–1 from March 1974 until December 1986. Ranger Oil sold Bruce 16–1 to Ampolex, which operated it until January 1988. Ampolex sold Bruce 16–1 to Turtle Mountain, which was operating the site at the time of the accident.

[¶ 3] The firefighters alleged Ranger Oil failed to prevent the fire or make the premises safe during a fire by negligently failing to make improvements and negligently failing to warn of the need for improvements. They claim the premises were unreasonably dangerous because the site lacked a proper fire wall. Likewise, Turtle Mountain alleged Ampolex negligently failed to make improvements or warn of the need for improvements.[1]

[¶ 4] Ranger Oil and Ampolex moved for summary judgment, contending as prior owners of Bruce 16–1 they owed no duty of care to the firefighters as a matter of law. The trial court agreed and summarily dismissed the firefighters' negligence claim against Ranger Oil and Ampolex. The firefighters and Turtle Mountain appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. ·Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Osterman–Levitt v. MedQuest, Inc.*, 513 N.W.2d 70, 72 (N.D.1994). In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, who must be given the benefit of all favorable inferences which can be reasonably drawn from the evidence. *Ellingson v. Knudson*, 498 N.W.2d 814, 817 (N.D.1993). Questions of law are fully reviewable on appeal. *Keator v. Gale*, 1997 ND 46, ¶ 7, 561 N.W.2d 286.

III

[¶ 7] The firefighters and Turtle Mountain contend a prior owner should not be able to escape liability for a dangerous condition by selling the property before the injury occurs. They contend liability should continue where the prior owner does not correct the dangerous condition prior to the sale or warn the purchaser of the need for improvements.

1. The firefighters settled with Turtle Mountain, and assigned their claims against Ampolex to Turtle Mountain. By order dated January 17, 1997, the trial court substituted Turtle Mountain for the plaintiffs on the plaintiffs' original claim against Ampolex.

■ [¶ 8] Ranger Oil argues the trial court properly granted summary judgment, as it owed no duty to the firefighters as a matter of law. We have said: "Although negligence actions are ordinarily inappropriate for summary judgment ... one of the elements of the tort of negligence is the existence of a duty on the part of the alleged tortfeasor, and whether a duty exists is generally a preliminary question of law for the court." *Crowston v. Goodyear Tire & Rubber Co.*, 521 N.W.2d 401, 406 (N.D.1994) (citation omitted).

## A

■ [¶ 9] Under premises liability law, to find a property owner owed a duty to an injured party, the owner must have had control over the property where the injury occurred. *See* 62 Am.Jur.2d *Premises Liability* § 6 (1990). "[C]ontrol is an essential prerequisite for imposition of premises liability." *Jacobs v. Anderson Bldg. Co.*, 459 N.W.2d 384, 386 (N.D.1990). In other words, before a defendant owes a duty of care, it must be demonstrated the defendant had control of the premises and, therefore, an opportunity to observe any duty. *See Bulman v. Hulstrand Const. Co.*, 521 N.W.2d 632, 640–41 (N.D.1994) (affirming summary dismissal of a negligence claim against a contractor who did not have control over a construction site during suspension of the project for the winter, and therefore did not have a legally enforceable duty to the public); *Holter v. City of Sheyenne*, 480 N.W.2d 736, 738–40 (N.D.1992) (holding a property owner owed no duty of care toward customers who had left the premises and were injured upon an adjacent roadway by an instrumentality not within the property owner's control).

■ [¶ 10] The centrality of "control" in our premises liability law is consistent with the liability formulation in the Restatement (Second) of Torts § 352 (1965):

"Except as stated in § 353, a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession."

The Restatements of Tort are carefully studied and precisely stated summaries of basic principles of law. *Barsness v. General Diesel & Equipment Co.*, 383 N.W.2d 840, 842 n. 1 (N.D.1986). In *Barsness*, we recognized: "They are entitled to respect as authoritative and reasoned outlines of the law 'as it has developed in the courts.'" *Id.* at 842 n. 1, quoting Restatement (Second) of Torts, Introduction at VII.

■ [¶ 11] Under Section 352, a vendor of land is generally not liable for damages due to a condition existing at the time of sale. *Heider v. Leewards Creative Crafts, Inc.*, 245 Ill.App.3d 258, 184 Ill.Dec. 488, 500, 613 N.E.2d 805, 817 (1993). The rationale for the rule of nonliability is explained in *Stalter by Stalter v. Iowa Resources, Inc.*, 468 N.W.2d 796, 798 (Iowa 1991):

"The rationale underlying the general rule that one who has transferred ownership and control is no longer held liable is that the former owner no longer has control and thus may not enter the property to cure any deficiency, and, he/she cannot control the entry of persons onto the property or provide safeguards for them."

The vast majority of courts considering the issue have concluded a prior owner does not owe a duty of care to a subsequent owner of the same land. *Cross Oil Co. v. Phillips Petroleum Co.*, 944 F.Supp. 787, 791 (E.D.Mo.1996), citing *Dartron Corp. v. Uniroyal Chemical Co.*, 893 F.Supp. 730, 738 (N.D.Ohio 1995).

■ [¶ 12] The Restatement (Second) of Torts § 353 (1965) provides an exception to the rule of nonliability if the seller conceals or fails to disclose an unreasonably dangerous condition:

"(1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if

"(a) the vendee does not know or have reason to know of the condition or the risk involved, and

"(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk. "(2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions."

[¶ 13] Here, no evidence was presented of any concealment or failure to disclose. "Neither the trial court nor the appellate court has a duty or responsibility to search the record for evidence opposing the motion for summary judgment." *Kummer v. City of Fargo*, 516 N.W.2d 294, 297 (N.D. 1994). The trial court found any "alleged negligent conditions" at Bruce 16–1 were "open and obvious." After Ranger Oil sold Bruce 16–1 in December 1986, the subsequent owners had almost five years to discover the alleged dangerous conditions, to appreciate the risks, and to take precautions. Ranger Oil sold Bruce 16–1 to Ampolex for its "exclusive possession and control." The trial court correctly concluded, under the Restatement (Second) of Torts §§ 352 and 353, no duty of care existed to impose liability on Ranger Oil or Ampolex.

B

[¶ 14] The firefighters and Turtle Mountain urge the creation of an exception to the Restatement (Second) of Torts §§ 352 and 353 by placing liability upon a predecessor in interest as follows:

"A vendor of land is liable to its vendee and third-parties for injuries caused by the vendor's failure to employ reasonable care in its design and maintenance of the land and improvements thereon. Further, a vendor of land is liable when it conveys such land, if it does not make such repairs and improvements necessary to render the

land safe in foreseeable circumstances, unless the vendor informs the vendee of the need for repairs and improvements."

Under the proposed formulation of liability, the prior owner would be subject to indefinite liability as the potential for liability would continue even after selling and relinquishing control of the property.

[¶ 15] Imposing indefinite liability upon a prior owner is inconsistent with our premises liability case law emphasizing the centrality of "control," *see Bulman*, at 640–41; *Holter*, at 738–40; *Jacobs*, at 386; especially when, under the proposed formulation of liability, the prior owner could be liable even if the danger was open and obvious, the purchaser had the opportunity to inspect, the purchaser knew or had reason to know of the condition, and the purchaser had the opportunity to take precautions.

C

[¶ 16] The firefighters and Turtle Mountain argue the rule of nonliability for a predecessor in interest found in the Restatement (Second) of Torts § 352 is inconsistent with *Downtowner v. Acrometal Products*, 347 N.W.2d 118 (N.D.1984). In *Downtowner*, a products liability case, this Court held a successor corporation is not liable to a purchaser for merely continuing a predecessor manufacturer's product line. Products liability law imposes responsibility on manufacturers of defective products because they are best able to encourage safer manufacture and design and to allocate the costs of injury arising from unsafe products. *Cooperative Power v. Westinghouse Elec.*, 493 N.W.2d 661, 664 (N.D.1992). The manufacturer, who puts the dangerous product on the market, has the control and power to prevent the injury. *See Johnson v. American Motors Corp.*, 225 N.W.2d 57, 66 (N.D.1974), quoting *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57, 27 Cal.Rptr. 697, 701, 377 P.2d 897, 901 (1963). Premises liability law and products liability law are reconcilable, as both place liability on the party most directly connected to the injured person and in whose control the power existed most directly to prevent injury. Further, any alleged inconsistency between premises liability law and products

liability law is not a sound basis for overturning long-standing rules of premises liability law.

### D

[¶ 17] The firefighters and Turtle Mountain fail to cite any persuasive authority in support of their contention a prior owner should be liable for an injury occurring after control of the property has been relinquished to the new owner. The trial court did not err in concluding Ranger Oil and Ampolex owed no duty of care to the firefighters or Turtle Mountain. We affirm the summary judgment.

[¶ 18] VANDE WALLE, C.J., MARING, J., ZANE ANDERSON, District Judge, and RALPH J. ERICKSTAD, Surrogate Judge, concur.

[¶ 19] RALPH J. ERICKSTAD, Surrogate Judge, and ZANE ANDERSON, District Judge, sitting in place of MESCHKE and NEUMANN, JJ., disqualified.