On appellant Owens-Corning Fiberglas Corporation's petition for reconsideration filed May 6, reconsideration allowed; opinion (153 Or App 415, 959 P2d 89 (1998)) modified and adhered to as modified July 15, 1998

Marlene PURCELL,
Personal Representative of the Estate of
John Purcell, Deceased,
*Respondent - Cross-Appellant,*

*v.*

ASBESTOS CORPORATION, LTD.,
a Canadian corporation;
Armstrong World Industries, Inc.,
a Pennsylvania corporation, in its individual capacity
and as successor-in-interest to
Armstrong Cork Company, Inc.,
a Delaware corporation; A. P. Green Refractories Co.,
individually and as successor-in-interest to
E. J. Bartells, a Delaware corporation;
Fibreboard Corporation, a Delaware corporation;
GAF Corporation, a Delaware corporation;
United States Gypsum Company,
a Delaware corporation, individually and
as successor-in-interest to
A. P. Green and E. J. Bartells;
National Gypsum Company, a California corporation;
Turner & Newall PLC, a British corporation
and its subsidiary J. W. Roberts Limited;
Union Carbide Chemicals and Plastics Company, Inc.,
a New York corporation, successor-in-interest to
Union Carbide corporation; Flexitallic, Inc.,
a Delaware corporation;
United Pipe & Supply Co., Inc.,
an Oregon corporation; Paramount Supply Co.,
an Oregon corporation; Mar-Dustrial Sales, Inc.,
an Oregon corporation; Quimby Welding Supplies, Inc.,
an Oregon corporation, ACandS, Inc.; and
Pittsburg-Corning Corporation,
*Defendants,*
*and*

OWENS-CORNING FIBERGLAS CORPORATION,
a Delaware Corporation and E. J. Bartells Company,
a Washington corporation,
*Appellants - Cross-Respondents,*

*and*

DEPARTMENT OF JUSTICE,
State of Oregon,
*Cross-Respondent.*

(9311-07674; CA A85339)

963 P2d 729

Thomas G. Hungar and Gibson, Dunn & Crutcher, and Jay W. Beattie and Lindsay, Hart, Neil & Weigler, for petition.

Before Deits, Chief Judge, and Riggs and Landau, Judges.

DEITS, C. J.

**DEITS, C. J.**

Defendant Owens-Corning Fiberglas Corporation (Owens) petitions for reconsideration of our opinion. *Purcell v. Asbestos Corp., Ltd.*, 153 Or App 415, 959 P2d 59 (1998). Owens contends that our "decision overlooks and/or misperceives certain facts" and that our conclusions and holding consequently were affected. Assuming *arguendo* that all of the factual assertions in Owens' petition are correct, neither our analysis nor our holding would be altered.

We nevertheless allow reconsideration to correct certain statements in our opinion that could have unintended consequences on matters beyond this case. In 1958, Owens purchased the division that produced the asbestos-containing material Kaylo from the Owens-Illinois Corporation. For purposes of the analysis in our opinion and for purposes of this case, that is the critical fact about the relationship between Owens and Owens-Illinois. Although our opinion correctly states that fact, it also contains statements to the effect that Owens-Illinois was a subsidiary of Owens and that, in 1958, Owens acquired Owens-Illinois, as distinct from purchasing only the latter's Kaylo Division.

Owens argues that it is incorrect that there was ever a parent-subsidiary relationship between the two corporations or that Owens acquired Owens-Illinois in its entirety. Noting that the contrary indications in our opinion could have repercussions in other lawsuits, Owens asks us to withdraw our statements that there now is or ever was a relationship by which Owens controlled or owned Owens-Illinois.

Nothing in this case turns on the presence or absence of a structural relationship between the two entities, and our opinion was not intended to and does not decide anything about that matter. Any statements in our opinion that suggest otherwise were inadvertent.

Reconsideration allowed; opinion modified and adhered to as modified.