1999 ND 96

Leslie BLIKRE, George Hanson, Jerald Hendershot, John Nelson, Plaintiffs and Appellants,

v.

ACANDS, a Delaware corporation (individually and as successor-in-interest to Armstrong Contracting & Supply, Inc., and Keasby & Mattison Company), et al., Defendants,

ACandS, Inc., a Delaware corporation; A.H. Bennett Company, a Minnesota corporation; Building Sprinkler Company, Inc., a North Dakota corporation; and Fargo–Moorhead Insulation Company, a North Dakota corporation, Defendants and Appellees.

Gale Blowers, Plaintiff and Appellant,

v.

ACandS, Inc., a Delaware corporation (individually and as successor-in-interest to Armstrong Contracting & Supply, Inc., and Keasby & Mattison Company), et al., Defendants,

ACandS, Inc., a Delaware corporation; A.H. Bennett Company, a Minnesota corporation; Building Sprinkler Company, Inc., a North Dakota corporation; and Fargo–Moorhead Insulation Company, a North Dakota corporation, Defendants and Appellees.

Patricia Heine, individually, and as Personal Representative of the Estate of Oscar Heine, deceased, and Richard Hendershot, Plaintiffs and Appellants,

v.

ACandS, Inc., a Delaware corporation (individually and as successor-in-interest to Armstrong Contracting & Supply, Inc., and Keasby & Mattison Company), et al., Defendants,

ACandS, Inc., a Delaware corporation; A.H. Bennett Company, a Minnesota corporation; Building Sprinkler Company, Inc., a North Dakota corporation; and Fargo–Moorhead Insulation Company, a North Dakota corporation, Defendants and Appellees.

Margaret Spain, individually, and on behalf of the Estate of William D. O'Meara, deceased, Plaintiff and Appellant,

v.

ACandS, Inc., a Delaware corporation (individually and as successor-in-interest to Armstrong Contracting & Supply, Inc., and Keasby & Mattison Company), et al., Defendants,

ACandS, Inc., a Delaware corporation; A.H. Bennett Company, a Minnesota corporation; Building Sprinkler Company, Inc., a North Dakota corporation; and Fargo–Moorhead Insulation Company, a North Dakota corporation, Defendants and Appellees.

Frank Neiss, Plaintiff and Appellant,

v.

ACandS, Inc., a Delaware corporation (individually and as successor-in-interest to Armstrong Contracting & Supply, Inc., and Keasby & Mattison Company), et al., Defendants,

ACandS, Inc., a Delaware corporation; A.H. Bennett Company, a Minnesota corporation; Building Sprinkler Company, Inc., a North Dakota corporation; and Fargo–Moorhead Insulation Company, a North Dakota corporation, Defendants and Appellees.

Nos. 980307, 980308, 980309, 980310, 980311.

Supreme Court of North Dakota.

May 24, 1999.

Jeanette T. Boechler, of Boechler Law Firm, Fargo, N.D., and David C. Thompson, of David C. Thompson, P.C., Grand Forks, N.D., for plaintiffs and appellants.

Joseph T. Dixon, Jr., of Henson & Efron, Minneapolis, MN, for appellees jointly, and defendant and appellee ACandS, Inc., individually.

Robert E. Diehl, of Foley & Mansfield, Minneapolis, MN, for defendant and appellee A.H. Bennett Company; A. William Lucas, of Lucas Law Office, Bismarck, N.D., for defendant and appellee Building Sprinkler Company, Inc.; and David J. Hogue, of Pringle & Herigstad, P.C., Minot, N.D., for defendant and appellee Fargo–Moorhead Insulation Company.

SANDSTROM, Justice.

[¶ 1] The defendants in this personal injury litigation, ACandS, Inc., A.H. Bennett Company, Building Sprinkler Company, Inc., and Fargo–Moorhead Insulation Company, were summarily dismissed by the trial court on the ground the time period for suing them had expired under the statute of repose, N.D.C.C. § 28–01–44.[1] We hold the statute does not bar an action for injury allegedly caused by exposure, during construction, to a defective product, which is brought against a manufacturer or distributor of the product, even though the defendant installed the

---

1. The trial court entered an order, dated July 20, 1998, closing the files in these cases. At oral argument, appellants' counsel told the Court there are no issues still remaining as to any defendants in these cases.

product as part of an improvement to real estate. Consequently, we reverse the orders summarily dismissing these defendants under N.D.C.C. § 28–01–44 and remand for further proceedings.

I

[¶ 2] Nine plaintiffs brought multiple actions against 58 defendants, seeking damages for personal injuries caused by exposure to asbestos products manufactured or distributed by them. The injured parties were allegedly exposed to the defendants' asbestos products while working as electricians, pipefitters, plasterers, or insulators at various job sites, between 1950 and 1993. The lawsuits were filed in 1993 and alleged alternative theories of strict liability, negligence, and breach of warranty. The plaintiffs appealed the dismissal of these four defendants, arguing N.D.C.C. § 28–01–44 does not apply under the circumstances, and the actions were timely filed under the statute of limitations for asbestos actions, N.D.C.C. § 28–01.1–02(4).[2]

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeals were timely filed under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–02.

II

[¶ 4] Summary judgment is a procedure for the prompt and expeditious disposition of a controversy without trial if a litigant is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the results. *Swenson v. Raumin*, 1998 ND 150, ¶ 8, 583 N.W.2d 102. On appeal, we determine whether a genuine issue of fact exists and whether the law was applied correctly. *Martin v. Martin*, 1997 ND 157, ¶ 6, 568 N.W.2d 280. Questions of law are fully reviewable on appeal. *Stanley v. Turtle Mountain Gas & Oil, Inc.*, 1997 ND 169, ¶ 6, 567 N.W.2d 345.

[¶ 5] The dispositive issue on this appeal is whether the statute of repose under N.D.C.C. § 28–01–44 applies to these actions.

The resolution of this issue requires interpretation of the statute, which is a question of law. *Matter of Estate of Thompson*, 1998 ND 226, ¶ 6, 586 N.W.2d 847. Our primary objective in construing a statute is to ascertain the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary, and commonly understood meaning. *Falcon v. State*, 1997 ND 200, ¶ 9, 570 N.W.2d 719. If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. *Thompson*, at ¶ 7. When a statute's language is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. *Jones v. Pringle & Herigstad, P.C.*, 546 N.W.2d 837, 840 (N.D.1996).

[¶ 6] N.D.C.C. § 28–01–44 provides, in relevant part:

> *28–01–44. Limitation of action—Person submitting plans for improvements to real estate.*
>
> 1. No action, whether in contract, oral or written, in tort or otherwise, to recover damages:
>
> a. For any deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property;
>
> b. For injury to property, real or personal, arising out of any such deficiency; or
>
> c. For injury to the person or for wrongful death arising out of any such deficiency,
>
> may be brought against any person performing or furnishing the design, planning, supervision, or observation of construction, or construction of such an improvement more than ten years after substantial completion of such an improvement.

[¶ 7] The legislature's intent in adopting the ten-year statute of repose under N.D.C.C. § 28–01–44 "was simply to limit what would otherwise be virtually unlimited and perpetual exposure to liability for persons engaged in the 'design, planning, super-

2. This provision is currently codified at N.D.C.C. § 28–01.3–08(4).

vision, or observation of construction or construction' of improvements to real property without eliminating liability entirely.…." *Bellemare v. Gateway Builders, Inc.*, 420 N.W.2d 733, 737 (N.D.1988). By the clear language of the statute, its protection does not apply to a manufacturer of building materials used in an improvement to real property. *Hebron Public School v. U.S. Gypsum*, 475 N.W.2d 120, 127 (N.D.1991). The statute was intended to protect architects, contractors, and engineers, but not materialmen, manufacturers, or suppliers of products used in an improvement to real property. *See Vantage, Inc. v. Carrier Corp.*, 467 N.W.2d 446, 450–51 (N.D.1991).

[¶ 8] Quoting approvingly from *Yarbro v. Hilton Hotels Corp.*, 655 P.2d 822, 827–28 (Colo.1982), this Court in *Vantage, Inc.*, 467 N.W.2d at 450–51, explained why the statute does not apply to protect owners or materialmen:

> " '… Owners and occupiers of improved property have continuing control of the premises and are responsible for repairs and replacements of damaged or dangerous conditions. Architects, contractors, engineers, and inspectors … in most cases do not have continuing control over or involvement with the maintenance of the improvement after its initial construction.…
>
> " 'In addition, materialmen are in a position distinct from the architect, contractor, engineer, or inspector in that the materialman provides manufactured goods and should be held accountable under the general tort rules governing liability for defects.in those products.' "
>
> .…
>
> Moreover, Chapter 28–01.1, N.D.C.C., specifically governs products liability actions against manufacturers. The logical extension of *Carrier*'s argument would emasculate products liability law in cases like this because an action against a manufacturer would be permitted pursuant to the specific law in Chapter 28–01.1, N.D.C.C., but would be barred under Section 28–01–44, N.D.C.C.

[¶ 9] The defendants claim they are protected by the statute of repose because they installed their asbestos insulation products and are therefore contractors or persons performing construction to an improvement on real property. The defendants' argument ignores significant language under N.D.C.C. § 28–01–44 making the statute applicable only to actions "arising out of" the deficient performance of the construction or other covered activity under the statute. When interpreting a statute, the court must give meaning and effect to every word, phrase, and sentence. *First State Bank v. Moen Enterprises*, 529 N.W.2d 887, 891 (N.D.1995). By its express terms, N.D.C.C. § 28–01–44 only limits the time for bringing actions "to recover damages … [f]or any deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property … [f]or injury to the person or for wrongful death *arising out of any such deficiency*." (Emphasis added). The plaintiffs do not claim injury caused by any negligence or deficiency in the defendants' construction or installation activities. Rather, they contend their injuries were caused by exposure, during construction, to the dangerous defective products manufactured, sold, or distributed by these defendants. Consequently, the plaintiffs' actions do not "arise out of" any activity by the defendants that is protected under the statute. This interpretation and application of N.D.C.C. § 28–01–44 is consistent with and supported by the decisions of other jurisdictions interpreting similar statutes of repose.

[¶ 10] The Oregon Court of Appeals in *Purcell v. Asbestos Corp., Ltd.*, 153 Or.App. 415, 959 P.2d 89, 97–98, *modified on other grounds*, 155 Or.App. 1, 963 P.2d 729 (1998), rejected a nearly identical argument by asbestos distributors under a statute substantively similar to N.D.C.C. § 28–01–44:

> Defendants' thesis as to the applicability of [the statute of repose] is that they acted in a dual capacity, both as the distributor or seller of the products and as the installer, and that [the statute of repose] is the applicable limitation statute with respect to their activities that included installation.
>
> .…
>
> The fact that defendants may *also* have acted as the installers of some of the products that they made or sold does not make [the statute] applicable to plaintiff's claims

against them, because the claims are based on their manufacturing, distribution and sales of the products.

[¶ 11] Using similar reasoning, the United States Court of Appeals, Seventh Circuit, interpreting a comparable Illinois statute of repose, in *State Farm v. W.R. Grace & Co.-Conn.*, 24 F.3d 955, 957 (7th Cir.1994), explained:

> Even if ... the printed brochure made Grace a designer or builder of State Farm's buildings, Grace would still lose. Its negligence had nothing to do with the installation or application of the Mono–Kote. So far as appears, the directions for the installation of the product were perfectly adequate and it could not have been installed better. The problem was in the design of the Mono–Kote (to include asbestos), the failure to test the product, and the failure to warn about it. These negligent acts or omissions, being remote from building construction, were not the sort of activities that the statute was intended to shield from late-filed products liability suits.

The Illinois and Oregon statutes of repose, like N.D.C.C. § 28–01–44, only protect the defendants from actions stemming from or arising out of the deficient performance of their construction or installation activities. By their clear terms, these statutes of repose do not protect defendants from liability for other unspecified activities, such as the manufacture or distribution of dangerous products.

[¶ 12] As the Washington Supreme Court explained in *Pfeifer v. City of Bellingham*, 112 Wash.2d 562, 772 P.2d 1018, 1022 (1989), the argument that a product distributor is protected under one of these statutes simply because it was involved in installing the product misses the focal point of the statutes, which is to protect the design and construction activities:

> A seller who also happens to be the builder should not be shielded from liability. Selling and building involve different activities. The statute shields builders. If builders also engage in the activity of selling, they should face the liability of sellers.
>
> . . . .
>
> Island Construction argues that as long as it worked on structural aspects, it is a person who is covered by the statute. The

argument misses the focal point of the analysis: the focus is on activities. If the claim arises from those activities, the person is covered; if it does not, he is not covered. Here the claim arises from concealment during sale—the activity of selling is not covered.

*See also Washburn v. Beatt Equip. Co.*, 120 Wash.2d 246, 840 P.2d 860, 867 (1992) (activities of manufacturing and selling are not protected by the statute of repose).

[¶ 13] The New Mexico Court of Appeals interpreted a similar statute in *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214, 223 (1977). The injured plaintiff collided with a glass door on the observation deck of an airport terminal, and he sued the manufacturer of the glass door, who had also installed the door at the facility. The defendant manufacturer claimed the protection of New Mexico's contractor statute of repose, asserting it applied because the installation of the glass constituted the activity of performing construction on a real property improvement. The New Mexico appellate court explained the defendant was protected under the statute of repose only with regard to those actions claiming injury from the installation activity, not from a defect of the installed product:

> The statute, however, applies to "any person performing or furnishing the construction or the design ... of construction". The complaint alleges that PPG "designed glass products for use" at the terminal building. To the extent that PPG is sued as manufacturer or seller of the glass, PPG is not covered by the statute and the summary judgment in favor of PPG as to these claims was error. To the extent that PPG is sued as the designer or installer of the glass, PPG is covered by the statute and the summary judgment in its favor was correct.
>
> PPG objects to an analysis of its activities, asserting that it has the protection of the statute because it was a member of the "construction team". This approach disregards the statutory language. The benefits of [the statute] apply to "any person performing or furnishing the construction or the design, planning, supervision, in-

spection or administration of construction ... and *on account of such activity* ...." (Our emphasis.) The statutory language requires an activity analysis.

*Id.*

[¶ 14] Similarly, N.D.C.C. § 28–01–44 limits its protection to actions "arising out of" a deficiency in design, planning, or construction of an improvement. Like New Mexico's statute of repose, our statute requires an analysis of the activity giving rise to the plaintiff's claim. In this case, the injured plaintiffs assert they were harmed by the defendants' dangerous and defective asbestos products, not by any negligence or deficiencies in the defendants' installation activities. Consequently we conclude N.D.C.C. § 28–01–44 does not apply, and does not bar these claims.

### III

[¶ 15] When an action for damages is brought against a defendant who has allegedly supplied and installed a product as part of an improvement to real property, we hold N.D.C.C. § 28–01–44 provides a ten-year limitation upon claims arising out of the alleged deficient or negligent installation activities of the defendant. We further hold, however, the statute does not apply and provides no time limit protection to the defendant for products liability claims arising out of exposure, during construction, to an allegedly dangerous, defective product. We conclude, therefore, the trial court erred in applying the ten-year statute of repose under N.D.C.C. § 28–01–44 to the plaintiffs' claims against the defendants in these cases.

[¶ 16] In light of our disposition of this issue, we do not discuss or resolve other issues raised on this appeal. Questions whose answers are not necessary to the determination of an appeal need not be addressed. *Kaler v. Kraemer,* 1998 ND 56, ¶ 10, 574 N.W.2d 588.

[¶ 17] We reverse the court's orders summarily dismissing these defendants under the statute of repose, and remand for further proceedings.

[¶ 18] Reversed and remanded.

[¶ 19] VANDE WALLE, C.J., NEUMAN, J., and ALLAN L. SCHMALENBERGER, D.J., concur.

[¶ 20] ALLAN L. SCHMALENBERGER, D.J., sitting in place of MARING, J., disqualified.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 21] I agree with the analysis that N.D.C.C. § 28–01–44 does not apply to products liability claims arising out of exposure, during construction, to an allegedly dangerous, defective product. Moreover, were there any question as to the application of N.D.C.C. § 28–01–44 to those claims, I would hold that N.D.C.C. § 28–01.3–08(4), controls this action. That section reads in part that,

> "[a]n action to recover damages based on injury allegedly resulting from exposure to asbestos ... must be commenced within three years after the injured person has been informed of discovery of the injury by competent medical authority and that the injury was caused by exposure to asbestos ... or within three years after the discovery of facts that would reasonably lead to the discovery, whichever is earlier."

[¶ 22] Section 28–01.3–08(4), N.D.C.C., is a special statute dealing with asbestos and, if there were any conflict with the more general provision of section 28–01–44, N.D.C.C., I believe section 28–01.3–08(4), N.D.C.C., would prevail. N.D.C.C. § 1–02–07 (particular controls general). *See, Van Raden Homes v. Dakota View Estates,* 520 N.W.2d 866, 868 (N.D.1994) ("A particular statute specifically applicable to a statutory procedure must control over a conflicting general provision, particularly one that is made applicable only by general reference.").

[¶ 23] Because asbestos is a specific product, N.D.C.C. § 28–01.3–08(4) would prevail over the more general N.D.C.C. § 28–01–44 concerning building construction generally.

[¶ 24] KAPSNER, J., concurs.