34 July 23, 2025 No. 645

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID CHARLES CRAFT,
*Defendant-Appellant.*

Washington County Circuit Court
21CR36958; A179083

Ricardo J. Menchaca, Judge.

Argued and submitted May 14, 2024.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert A. Koch, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant challenges the supplemental judgment ordering restitution for the victim's lost wages in the amount that the state requested—$27,864.20. Defendant argues that the trial court erred when it imposed damages based on the victim's gross-pay loss, rather than the victim's after-tax, net-pay loss. The state argues that the victim was entitled to recover her lost earning capacity, which is measured by the victim's gross lost wages. We conclude that under the "right for the wrong reason" principle, the trial court did not err in ordering that defendant pay the victim's gross lost wages. Accordingly, we affirm.

We review restitution orders for errors of law. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). In doing so, we are bound by the trial court's factual findings if there is any evidence in the record to support them. *State v. Gaul*, 301 Or App 142, 143, 455 P3d 1016 (2019), *rev den*, 366 Or 292 (2020). When the challenge is to the sufficiency of the evidence to support the trial court's finding that a restitution award was reasonable, we examine the evidence in the light most favorable to the state, accepting all reasonable inferences. *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021).

"Under Oregon law, restitution is to be awarded when a defendant has been convicted of a crime that results in economic damages to the victim and the state has presented evidence of those damages." *Id.* at 618. "ORS 137.106 requires an award of restitution when three prerequisites are met: (1) criminal activities; (2) economic damages; and (3) a causal relationship between the two." *State v. Storm*, 318 Or App 809, 813, 509 P3d 132 (2022) (citing *State v. Andrews*, 366 Or 65, 69, 456 P3d 261 (2020)). When a defendant is convicted of a crime that has resulted in economic damages, the prosecutor must present to the trial court "evidence of the nature and amount of the damages" that a victim incurs. ORS 137.106(1)(b) (2021), *amended by* Or Laws 2022, ch 57, § 1. Based on that evidence, if the trial court determines that the victim suffered economic damages, the court must require "that the defendant pay the victim restitution in a specific amount that equals the full amount of

the victim's economic damages as determined by the court." ORS 137.106(2)(a).

In the restitution context, ORS 137.103(2) defines "economic damages" with reference to the definition set forth in ORS 31.705, except that "economic damages" does not include "future impairment of earning capacity[.]" ORS 137.103(2)(a). Thus, for restitution purposes, "economic damages" are "objectively verifiable monetary losses including but not limited to *** loss of income and past *** impairment of earning capacity[.]" ORS 31.705(2)(a). "Objectively verifiable monetary losses also include monetary losses that a victim could recover if the victim were a plaintiff in a civil action against the defendant." *State v. Islam*, 359 Or 796, 801, 377 P3d 533 (2016) (citing *State v. Ramos*, 358 Or 581, 593-94, 368 P3d 446 (2016)). The burden of establishing the economic damages is on the state, but that evidence is subject to rebuttal and a complete challenge by the defendant. *Aguirre-Rodriguez*, 367 Or at 618-19.

In considering whether the trial court was required to award restitution in the amount of the victim's gross income, we look to whether that would be the measure of recovery if she were a plaintiff in a civil action against defendant. *See Ramos*, 358 Or at 593-94; *see also State v. Rock*, 280 Or App 432, 437, 380 P3d 1084 (2016) ("[W]hether the state proved the victim's economic damages turns on civil-law concepts."). It would be: In a civil action, the victim in this case would have been entitled to recover her gross lost wages, without reduction for any potential federal income taxes. *See Restatement (Third) of Torts*: Remedies § 13 TD No 2 (2023) ("Damages That Will Not Be Taxed. The amount of damages must not be reduced on the ground that the plaintiff's receipt of the damages will be exempt from income taxes or on the ground that the plaintiff would have paid taxes on income that the award of damages will replace."). The comments to the restatement note that this is the majority rule, and "damages should be based on the gross earnings that plaintiff lost, and not adjusted downward to net earnings." *Id*. One of those reasons is that Congress "has conferred a tax benefit on successful tort plaintiffs; it has not conferred a tax benefit on tortfeasors." *Id*.

Consistent with that understanding, we held that the previous version of ORS 31.705, which also defined "economic damages" as those that are "objectively verifiable," did not require that the trial court instruct the jury that the plaintiff's damages "would not be taxable" and "should be limited to net, after tax income." *Purcell v. Asbestos Corp.*, 153 Or App 415, 430, 959 P2d 89, *adh'd to as modified on recons*, 155 Or App 1, 963 P2d 729 (1998). In *Purcell*, the defendant argued that "because taxes are objectively verifiable—calculable and capable of prediction with some accuracy," the trial court was required to instruct the jury that the plaintiff's damages must be limited to net income in order to meet the statutory standard for "economic damages." *Id*. We disagreed with that argument, and we held that the statute defining economic damages as "objectively verifiable" losses did not change "the existing law that the tax effects of [the plaintiff's] awards are not to be considered by juries—*if by anyone*." *Id*. (Emphasis added.). We have reached different conclusions in cases involving lawsuits arising under federal law, but *Purcell* is controlling here.[1]

We turn to the facts of this case, which for purposes of the issue before us, are undisputed. Defendant pleaded guilty to attempted murder and two counts of assault, and the trial court ordered that he pay restitution to the victim. At the restitution hearing, the state requested $27,864.20 for the victim's lost wages because the victim missed work due to her injuries. To calculate her lost wages, the state submitted evidence that the victim multiplied the hours that she missed work by her hourly wage.

Defendant argued that the court should subtract from the victim's lost wages the amount that the victim would have paid in taxes had she worked those hours, so the total amount in restitution for lost wages would total

---

[1] In *Miller v. Pacific Trawlers, Inc.*, 204 Or App 585, 598, 131 P3d 821 (2006), in a personal injury lawsuit involving federal law, we concluded that the defendant was allowed to present "proof of factors that the jury could have considered in reducing an award of lost future income based on taxes ***," explaining that "as a rule, a defendant is entitled to present evidence of taxes and other liabilities that would reduce a plaintiff's future wages, but such evidence can be excluded where its effect on an award would be *de minimis* and it could 'cause more confusion than it is worth.'" (Quoting *Norfolk & Western R. Co. v. Liepelt*, 444 US 490, 494, 494 n 7, 100 S Ct 755 (1980).)

$20,455. Defendant argued that the Internal Revenue Service (IRS) does not tax restitution awards like this one, so defendant's calculation that provides the victim the net amount of lost wages is the proper measure of the victim's actual damages because it would return her financially to the position that she would have been in had the crime not occurred.

The state disagreed with defendant's analysis of the tax code, and it argued that the IRS would tax the victim's lost wages. The trial court agreed, and it ordered defendant to pay the victim's gross lost income:

> "THE COURT:   You know, for the time being, I will order $27,864.20 finding that *I'm putting the victim back whole and then reimbursing the government, paying the taxes is ultimately going to be on her.* I understand the argument regarding gross versus net. I'm awarding her the gross amount.

> "And that puts her back in position that she was, earning the money that she did, *keeping in mind that she still has the responsibility to pay taxes on it.* That's my kind of quick legal analysis. And if a higher court tells me I'm wrong, then that will certainly adjust."

(Emphases added.)

On appeal, defendant argues that the trial court erred when it imposed restitution on the victim's gross-pay loss, rather than the after-tax, net-pay loss, because restitution is limited to amounts of "actual loss," the IRS does not consider damages from personal injury as taxable income, and the state could not establish that the victim would have received her gross-pay loss had defendant not injured her. The state concedes that the U.S. Tax Code exempts this restitution payment from income taxes.

We agree with the parties that the restitution awarded to the victim is excluded as income for federal income tax purposes, and the IRS would not have taxed that award. *See* 26 USC § 104(a)(2) (excluding as gross income "damages *** received *** on account of personal physical injuries"); *see also CIR v. Schleier*, 515 US 323, 329-30, 115 S Ct 2159, 132 L Ed 2d 294 (1995) (noting that recovery for

lost wages is excludable "on account of personal injuries, as long as the lost wages resulted from time in which the taxpayer was out of work as a result of her injuries").

Although the state acknowledges that the victim's restitution award is not gross income and would not be taxed by the IRS, the state argues that the victim was entitled to recover her lost earning capacity, which is measured by the victim's gross lost wages. *See Conachan v. Williams*, 266 Or 45, 56-58, 511 P2d 392 (1973); *id.* at 56-57 ("[P]roof of loss of specific wages is evidence of impairment of earning capacity, both before and after the date of trial, but an impairment of earning capacity may also be proved by other evidence." (Citing *Developments in the Law—Damages*, 61 Harv L Rev 113, 163 (1947)). Thus, the state argues that the trial court was "right for the wrong reason" in ordering that defendant pay the victim her gross-pay loss. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (discussing the "right for the wrong reason" principle).

The "right for the wrong reason" principle permits us to affirm the trial court's ruling on an alternative basis when three conditions are met. *Id.* "The first condition is that, if the question presented is not purely one of law, then the evidentiary record must be sufficient to support the proffered alternative basis for affirmance." *Id.* at 659. The second condition is that the "decision of the lower court must be correct for a reason other than that upon which the lower court relied." *Id.* at 660. "Third, and finally, the reasons for the lower court's decision must be either (a) erroneous or (b) in the reviewing court's estimation, unnecessary in light of the alternative basis for affirmance." *Id.*

As framed by the parties, that dispositive issue, whether a trial court is prohibited from considering tax consequences of the restitution award under ORS 137.106, is purely a question of law. Further, we agree with the state that the trial court reached the correct legal determination, albeit for a different reason than the one the court articulated. Although the restitution award is not taxable for federal income tax purposes, as noted above, the victim was entitled to restitution in the amount of her lost earning

capacity in the form of her lost wages without consideration of whether those wages would have been subject to federal taxation, because that is what she could have recovered if she were a plaintiff in a civil action against the defendant. *Williams*, 266 Or at 56-58.

Here, as proof of the victim's lost earning capacity, the state presented objectively verifiable "evidence of the nature and amount of the damages": the victim incurred $27,864.20 in lost wages based on her hourly hairdresser rate multiplied by the 44 weeks of being out of work and recovering from injuries inflicted by defendant, and we understand the trial court to have credited that evidence. ORS 137.106(1)(a) (2021); *see Williams*, 266 Or at 57-58 (Oregon law has allowed injured employees who are "employed at a fixed wage" to recover their "lost wages" as damages, and Oregon law has allowed an injured victim to recover compensation for the "impairment of [their] earning capacity."). And upon the trial court determining the victim's economic damage, namely, the victim's lost wages, amounted to $27,864.20, ORS 137.106(2)(a) required the trial court to enter the restitution award in that amount. *See* ORS 137.106(2)(a) (stating that the trial court "shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages"). Thus, the second condition of the "right for the wrong reason" analysis is met, because the trial court reached the correct result, albeit for a reason other than the reason upon which it relied. Finally, the third condition is also met because the trial court made its ruling based on an erroneous understanding that the IRS would tax the victim's lost wages.

In conclusion, we affirm the trial court's ruling that the trial court did not err in ordering that defendant pay the victim's gross lost wages. Although the trial court was incorrect that the restitution award would be subject to federal income tax, it was required to award the victim the restitution that it did.

Affirmed.