2000 ND 31

**Barbara STEINER, Plaintiff and Appellee,**

**v.**

**FORD MOTOR COMPANY, Defendant and Appellant.**

**No. 990155.**

Supreme Court of North Dakota.

Feb. 22, 2000.

Marnell W. Ringsak, Severin, Ringsak & Morrow, Bismarck, N.D., for plaintiff and appellee.

John David Sear, Bowman and Brooke, Minneapolis, MN, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Ford Motor Company appealed from a February 8, 1999, order awarding Barbara Steiner summary judgment on her tort claims against Ford for damages incurred when her 1993 Mercury Sable was destroyed by a fire. Ford also appealed from a March 8, 1999, order denying Ford's motion for summary judgment dismissal of Steiner's tort and warranty claims, and from a judgment, entered April 1, 1999, awarding Steiner $10,900 plus interest. We hold Steiner's tort claims are barred, as a matter of law, by the economic loss doctrine. We, therefore, reverse the judgment, the order granting Steiner summary judgment on the issue of tort liability, and the order denying Ford's motion for summary judgment on Steiner's tort claims. We remand with directions the trial court enter judgment dismissing Steiner's tort claims and hold further proceedings on Steiner's warranty claim.

I

[¶ 2] The Mercury Sable was originally purchased from Ford on May 20, 1993, by Budget Rental Car Systems. The car was resold on February 24, 1994, to a Ford dealer, from whom Steiner purchased it on March 29, 1994. On January 20, 1996, the

car was destroyed by a self-ignited fire while it sat unattended in a parking lot. Steiner's auto insurer, Nodak Mutual Farm Bureau Insurance Company, paid her $10,900 damages and filed this action against Ford for subrogation of the claim. The complaint, filed June 21, 1996, alleged claims in tort and strict products liability and breach of express and implied warranties.

[¶ 3] On December 17, 1998, Steiner filed a motion for partial summary judgment on liability. In support of the motion, Steiner argued she had expert witness testimony, undisputed by Ford, the fire was caused by an unreasonably dangerous and defective cooling fan and Ford negligently failed to warn of the defect. Ford responded there were disputed issues of fact about the cause of the fire. On January 22, 1999, Ford filed a motion for summary judgment requesting the court to dismiss Steiner's tort claims, asserting they were barred by the economic loss doctrine, and to dismiss Steiner's warranty claim, asserting it was barred "by the express terms of the warranty." On February 8, 1999, the trial court, without comment, entered an order granting Steiner's motion for summary judgment. On February 17, 1999, Ford moved for reconsideration of Steiner's summary judgment motion, arguing the same issues it had raised in its motion for summary judgment. The trial court entered "Judgment on Liability" against Ford on March 1, 1999. On March 8, 1999, the trial court entered an order, without comment, denying Ford's motion for summary judgment, and on March 9, 1999, the court entered an order denying Ford's motion for reconsideration. The parties then stipulated to damages in the amount of $10,900, and judgment was entered on April 1, 1999. Ford filed a notice of appeal on May 24, 1999.

## II

[¶ 4] Steiner argues this Court does not have jurisdiction, because Ford did not file a timely appeal from the judgment on liability entered by the trial court on March 1, 1999. Steiner's argument is without merit. A partial summary judgment on the issue of liability, in the absence of court certification under N.D.R.Civ.P. 54(b), is not final and is not appealable. *See Thompson v. Goetz*, 455 N.W.2d 580, 583 (N.D.1990). The trial court did not file a Rule 54(b) certification for the March 1, 1999, judgment on liability, and a final judgment was not entered until April 1, 1999.

[¶ 5] We conclude the district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## III

### A

[¶ 6] Ford argues the trial court erred in granting Steiner summary judgment on her tort claims, because those claims are barred by the economic loss doctrine. Summary judgment is a procedure for the prompt and expeditious disposition of a controversy without trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the result. *Estate of Thompson*, 1998 ND 226, ¶ 6, 586 N.W.2d 847. On appeal, we determine whether a genuine issue of fact exists and whether the law was applied correctly. *Martin v. Martin*, 1997 ND 157, ¶ 6, 568 N.W.2d 280. Questions of law are fully reviewable on appeal. *Stanley v. Turtle Mtn. Gas & Oil, Inc.*, 1997 ND 169, ¶ 6, 567 N.W.2d 345.

[¶ 7] This Court first applied the economic loss doctrine in *Hagert v. Hatton*

*Commodities, Inc.,* 350 N.W.2d 591, 595 (N.D.1984). Under the doctrine, economic loss resulting from damage to a defective product, as distinguished from damage to other property or persons, may be recovered in a cause of action for breach of warranty or contract, but not in a tort action. The *Hagert* case involved a commercial transaction, and the doctrine was again applied by this Court in a commercial setting in *Cooperative Power Ass'n v. Westinghouse Elec. Corp.,* 493 N.W.2d 661, 664 (N.D.1992). In *Clarys v. Ford Motor Co.,* 1999 ND 72, ¶¶ 19–20, 592 N.W.2d 573, we held the economic loss doctrine applies to consumer transactions and explained why the doctrine is equally applicable to consumer and business purchases:

> The economic loss doctrine recognizes the distinction between the bargain expectation interests protected by contract law under the Uniform Commercial Code and the safety interests protected by tort law. The distinction applies to consumer, as well as commercial, purchasers. When a defective product causes damage to persons or other property, the interest at stake is health and safety, irrespective of whether the initial purchase was a consumer or commercial transaction. Those safety interests are protected under tort law, which allows recovery by injured plaintiffs against a seller or manufacturer of an unreasonably dangerous defective product. N.D.C.C. ch. 28–01.3. When, however, a product is defective and damages only itself, the interest at stake is the purchaser's expectation of receiving the bargained-for product. That interest is protected by the remedies provided under Article 2 of the Uniform Commercial Code, N.D.C.C. ch. 41–02.

The facts in *Clarys* and in this case are nearly identical. In *Clarys,* a Ford automobile was also destroyed by a self-ignited fire. An action for damages was filed against Ford, seeking recovery under both contract and tort principles. We held the economic loss doctrine barred the plaintiff's tort claims. *Clarys,* 1999 ND 72, ¶ 20, 592 N.W.2d 573. The economic loss doctrine also bars Steiner's tort claims against Ford in this case.

**B**

[¶ 8] Steiner argues we should not apply the economic loss doctrine because *Clarys* was not decided until April 1999, after the court's orders and judgment were entered in this case, and *Clarys* should not be applied retroactively.

[¶ 9] Absent special circumstances, judicial decisions apply prospectively and retroactively. *Tabert v. N.D. Dept. of Transp.,* 1997 ND 39, ¶ 11, 560 N.W.2d 883. In determining whether we should apply a decision only prospectively, we consider the following three factors: 1) to be applied non-retroactively, the decision must establish a new principle of law; 2) we must look at the history of the rule in question, its purpose and effect, and whether retroactive application will further or retard its operation; and 3) we weigh any inequity imposed by retroactive application. *Waxler v. Dalsted,* 529 N.W.2d 176, 178 (N.D.1995).

[¶ 10] While the *Clarys* decision was the first time this Court applied the economic loss doctrine to consumer transactions, the doctrine was adopted by this Court long before in *Hagert* and again in *Cooperative Power.* Consequently, *Clarys* did not announce a new principle of law, but merely applied the doctrine in a slightly different factual setting.

[¶ 11] Application of the economic loss doctrine to consumer transactions was clearly foreshadowed by several indicators. The majority of courts that adopted the economic loss doctrine had applied it to both consumer and business purchasers. *Clarys,* 1999 ND 72, ¶ 9, 592 N.W.2d 573.

Our Products Liability Act, N.D.C.C. ch. 28–01.3, does not distinguish between consumer and business plaintiffs, and the legislature has not altered the definition of products liability actions to specifically include claims for consumers when only the defective product itself is damaged. Also, under *Restatement (Third) of Torts: Products Liability* § 21 (1998), damages to a defective product are not recoverable in a tort products liability action by consumers or other plaintiffs. The economic loss doctrine distinguishes between bargain expectation interests, which are protected under contract law, and safety interests, which are protected under tort law. The distinction equally applies to consumer and commercial purchasers. We therefore conclude retroactive application of the doctrine will further its purpose. Steiner has not provided persuasive argument or authority that retroactive application of the doctrine in this case is unfair or inequitable.

[¶ 12] We hold Steiner's tort claims are barred by the economic loss doctrine and the trial court erred in granting Steiner summary judgment on liability under her tort theories of recovery and in denying Ford's motion for summary judgment dismissal of the tort claims.

## IV

[¶ 13] In its motion for summary judgment, Ford argued Steiner's breach of warranty claim was barred "by express terms of the warranty." The trial court, without comment, denied Ford's motion for summary judgment. Prior to deciding Ford's motion, the trial court had awarded Steiner summary judgment on her tort claims, and consequently, in denying Ford's motion, it was unnecessary for the court to adjudicate the merits of the warranty claim.

[¶ 14] Ford argues the express warranties covering the vehicle expired within "three years or 36,000 miles" of purchase, whichever occurred first. Ford further asserts the implied warranties of merchantability and fitness for a particular purpose were similarly limited "to the time period covered by the written warranties." It is apparently undisputed, Steiner's vehicle had been driven 41,378 miles when it was burned and destroyed. Ford argues both the express and implied warranties had, therefore, expired and Steiner has no valid breach of warranty claim. Steiner argues Ford's attempt to limit the duration of the implied warranties is invalid because the limitations are not "conspicuous" as required by N.D.C.C. § 41–02–33(2).

[¶ 15] An implied warranty of merchantability is given unless excluded or modified, and the question whether such a warranty is excluded or modified is a question of fact. *Scientific Application, Inc. v. Delkamp*, 303 N.W.2d 71, 74 (N.D.1981). Although warranties may be properly excluded, the exclusion must be part of the bargain between the parties, and generally a buyer is not bound by a disclaimer of warranty not agreed upon at the time of sale and first appearing in an invoice, receipt, or similar note on or after the delivery of the goods. *See Fleck v. Jacques Seed Co.*, 445 N.W.2d 649, 654 (N.D.1989). The determination of the issue may involve factual inferences, which can be made only by the trial court. *Id.* We conclude Ford is not entitled, as a matter of law, to summary dismissal of Steiner's breach of warranty claim. That claim has not been adjudicated by the trial court, and the court must address it on remand.

## V

[¶ 16] We hold the trial court erred in granting Steiner summary judgment on her tort claims and in denying Ford's motion for summary judgment dismissal of those claims. We further hold there are issues regarding Steiner's breach of war-

ranty claim, which the trial court has not had the opportunity to address. We therefore affirm in part, reverse in part, and remand with directions the trial court dismiss Steiner's tort claims and conduct further proceedings on the breach of warranty claim.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.