Filed:  August 22, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

—————————

No. 98-1930(L)
(CA-98-309-3)

—————————

Richmond Medical Center, etc., et al.,

Plaintiffs - Appellees,

versus

James Gilmore, etc., et al.,

Defendants - Appellants.

—————————

O R D E R

—————————

The court amends its order filed July 28, 2000, as follows:

On page 3, first paragraph, line 1 -- a comma is inserted after "Carhart."

On page 4, first full paragraph, line 3 -- the comma after "Carhart" is deleted.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

Filed: July 28, 2000

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHMOND MEDICAL CENTER FOR
WOMEN; WILLIAM G. FITZHUGH, M.D.;
HILLCREST CLINIC; HERBERT C. JONES,
JR., M.D.; PLANNED PARENTHOOD OF
METROPOLITAN WASHINGTON, DC,
INCORPORATED; VIRGINIA LEAGUE FOR
PLANNED PARENTHOOD; PLANNED
PARENTHOODOFTHE BLUE RIDGE,
Plaintiffs-Appellees,

v.

JAMES GILMORE, in his official capacity
as Governor of the State of Virginia;
DAVID M. HICKS, in his official
capacity as Commonwealth Attorney
for the City of Richmond; DONALD S.

CALDWELL, in his official capacity as
Commonwealth Attorney for the
County of Roanoke; HOWARD GWYNN,
in his official capacity as
Commonwealth Attorney for the city
of Newport News; CHARLES D.
GRIFFITH, JR., in his official capacity as
Commonwealth Attorney for the City
of Norfolk; ROBERT F. HORAN, JR., in
his official capacity as Commonwealth
Attorney for the County of Fairfax;
JAMES L. CAMBLOS, III, in his official
capacity as Commonwealth Attorney
for the County of Albemarle,
Defendants-Appellants.

No. 98-1930(L)

## O R D E R

We have considered the motion to dissolve our stay pending appeal of the order of the district court which enjoined the operation of the statute involved in this case, and we have considered the response thereto. We are of opinion the motion is well taken.

It is accordingly ADJUDGED and ORDERED that our said order of September 14, 1999, staying the order of the district court pending appeal, shall be, and the same hereby is, vacated.

Judge Widener and Judge Murnaghan concur in this order without opinion. Judge Luttig concurs in this order and has appended an opinion thereto, which is attached.

/s/ H. E. Widener, Jr.
_____

For the Court

(Opinion follows)

_____

## OPINION

LUTTIG, Circuit Judge:

I understand the Supreme Court to have intended its decision in Planned Parenthood v. Casey, 505 U.S. 833 (1992), to be a decision of super-stare decisis with respect to a woman's fundamental right to choose whether or not to proceed with a pregnancy. See Casey, 505 U.S. at 844-46 ("Liberty finds no refuge in a jurisprudence of doubt. Yet 19 years after our holding that the Constitution protects a woman's right to terminate her pregnancy in its early stages, Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973), that definition of liberty is still questioned. . . . After considering the fundamental constitutional questions resolved by Roe, principles of institutional integrity, and the rule of stare decisis, we are led to conclude this: the essential holding of Roe v. Wade should be retained and once again reaffirmed."). And I believe this understanding to have been not merely confirmed, but reinforced, by the Court's recent

2

decision in Stenberg v. Carhart, 2000 WL 825889, at *4 (June 28, 2000) ("[T]his Court, in the course of a generation, has determined and then redetermined that the Constitution offers basic protection to the woman's right to choose. Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973); Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 112 S. Ct. 2791, 120 L.Ed.2d 674 (1992). We shall not revisit those legal principles.").

Although I so understand (and understood) the Court in Casey, I believed at the time that I voted to stay the district court's judgment pending appeal that, essentially for the reasons that were set forth by Justice Kennedy in dissent in Stenberg v. Carhart, the Supreme Court would ultimately hold that the Commonwealth's restrictions on partial-birth abortions did not constitute an undue burden on a woman's right to choose. At the very least, I believed that the Court would, given that the plaintiffs before us lodged only a facial challenge to the state's law, defer to what I regarded as the Commonwealth's reasonable interpretation of its statute as not extending to methods of abortion other than the partial-birth procedure. Based upon what I believed would be the Supreme Court's holding and likely reasoning on the constitutionality of the partial-birth ban, and the overlay of deference customarily afforded state statutes in facial challenges, I believed that the plaintiffs in the case before us lacked Article III standing to challenge the Commonwealth's statute because none of them even intended to perform the prohibited partial-birth procedure. For these reasons, I stayed the district court's original injunction as a single Circuit Judge and thereafter voted as a panel member of the court to deny the plaintiffs' motion to lift that stay.

While the district court's opinion and judgment were awaiting review by this court, the Supreme Court granted certiorari in Stenberg v. Carhart. We consequently postponed further consideration of this case pending final resolution of the partial-birth issue by the Court in Stenberg.

The Supreme Court has now held unequivocally that a statute worded like the Commonwealth's does not adequately distinguish between the so-called D&X procedure and the D&E procedure, the latter of which unquestionably may not be constitutionally banned by the government in the earlier stages of pregnancy. Moreover, the

3

Court has also now unequivocally held that any ban on partial-birth abortion must include an exception for the health of the mother in order to be constitutional. The Commonwealth's statute likewise does not include such an exception for maternal health.

Because, in my view, the Commonwealth's statute is not sustainable on either of the grounds on which the Court invalidated the Nebraska statute at issue in Stenberg v. Carhart -- much less on both, which it must be -- I vote to lift the stay of the district court's judgment entered by this court.

In addition to lifting the stay, I would also summarily affirm the judgment of the district court, not on the reasoning of that court, but on the reasoning and opinion of the Supreme Court in Stenberg v. Carhart. It is my judgment, after carefully reviewing the arguments advanced by the Commonwealth in opposition to Planned Parenthood's motion to lift our stay, that the Supreme Court's decision has not only foreclosed these arguments, but so clearly foreclosed them as to render further argument in this court unnecessary.

As a court of law, ours is neither to devise ways in which to circumvent the opinions of the Supreme Court nor to indulge delay in the full implementation of the Court's opinions. Rather, our responsibility is to follow faithfully its opinions, because that court is, by constitutional design, vested with the ultimate authority to interpret the Constitution.

In summarily affirming the unconstitutionality of the Commonwealth's partial-birth ban, I would also deny the plaintiffs' motion that I be recused from further consideration of this case. The plaintiffs have argued that they would be denied the due process of law were I to participate in the decision of the court as I do today, because I was included on today's panel under our court's local rules by virtue of having acted as a single Circuit Judge pursuant to Federal Rule of Appellate Procedure 8 on the Commonwealth's motion for stay of the district court's original injunction. In my view, in order to conclude that the plaintiffs' motion were well-taken, I and the court would be required to accept the view that law is but a product of the personal preferences of individual judges, and, consequently, that the law is dependent entirely upon which judge happens to be assigned to a

4

given case. We would be required to reject the view that there actually is law independent of each of us, and that, as individual judges, we are bound, and bound equally, by that law.

I understand the argument advanced by the plaintiffs, and I even appreciate the reasons for the currency of this view. But it is not my view of law. Nor do I understand it to be the view of my colleagues on this court. And for the judiciary itself to publicly embrace such an ultimately cynical view of law and of the judicial process would represent our full succumber to the contemporary efforts by some to politicize not only the law, but the judiciary as well.

5