# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2031

———————

Peter Donovan,                          \*
                                        \*
        Appellant,           \*
                                        \*
                                        \*    Appeal from the United States
    v.                             \*    District Court for the
                                        \*    Eastern District of Missouri
                                        \*
Harrah's Maryland Heights Corporation,  \*
a Nevada corporation,                   \*
                                        \*
        Appellee.            \*

———————

Submitted: November 12, 2001

Filed: May 9, 2002

———————

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and SMITH,[1] District Judge.

———————

McMILLIAN, Circuit Judge.

Peter Donovan appeals from a final judgment entered in the United States District Court[2] for the Eastern District of Missouri granting summary judgment in

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

favor of Harrah's Maryland Heights Corporation ("Harrah's") on his claim alleging common law negligence. Donovan v. Harrah's Maryland Heights Co., No. 4:99CV1305FRB (E.D. Mo. Mar. 16, 2001) (order granting summary judgment) (hereinafter "slip op."). For reversal, Donovan argues that the district court erred in granting Harrah's motion for summary judgment based on statutory immunity because Harrah's had a joint venture relationship with Donovan's employer, Players Maryland Heights, L.P. ("Players"). For the reasons discussed below, we affirm the judgment of the district court.

Jurisdiction was proper in the district court based upon 28 U.S.C. § 1332. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

## I. Background

Donovan worked for Players as a floor supervisor at Players Island Casino in Maryland Heights, Missouri, from February 1997 through April 1999. Situated adjacent to Players Island Casino at the same street address is Harrah's Riverfront Casino, which is operated by Harrah's. Players and Harrah's own, operate, and maintain the common grounds on which both casinos are located, as well as the parking areas and roadways outside of the casinos, through a joint venture called Riverside Joint Venture.

On July 8, 1998, while he was still employed by Harrah's, Donovan was injured when he drove his vehicle into an excavation or depression in the roadway operated by Riverside Joint Venture. Prior to initiating the instant lawsuit, Donovan filed a workers' compensation claim against Players with the Missouri Department of Labor and Industrial Relations, alleging that he sustained injuries during the course of his employment when his vehicle struck a defect in the parking lot.

Donovan then filed this suit in the Eastern District of Missouri pursuant to diversity jurisdiction, claiming that Harrah's negligently failed to barricade the dangerous area of the roadway or to warn drivers of the danger. By consent of the parties, the proceedings were conducted by a magistrate judge. See 28 U.S.C. § 636(c). Harrah's moved for summary judgment, arguing that it was Donovan's co-employer by virtue of its joint venture relationship with Players and that Donovan's sole remedy was under Missouri workers' compensation law. The district court granted the motion for summary judgment in favor of Harrah's, holding that "[l]iability, if any, is under the Worker's Compensation Act exclusively inasmuch as plaintiff may not sue in tort a joint venturer as a negligent third party for negligence resulting in an on-the-job accident and injury." Slip op. at 10. This appeal followed.

## II. Discussion

We review *de novo* a district court's decision to grant summary judgment. See Audio Odyssey, Ltd. v. United States, 255 F.3d 512, 516 (8th Cir. 2001). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view all facts and inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows that there are no material issues of fact in dispute, the burden shifts to the nonmoving party to set forth facts showing that there is a genuine issue for trial. Id.

Missouri law applies because this court sits in diversity jurisdiction and therefore applies the law that the forum state would apply. See Winthrop Res. Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

The issue before this court is whether Donovan's common law tort action against Harrah's is precluded as a matter of law by the Missouri Workers' Compensation Act, which supersedes plaintiff-employees' common law rights. See Vatterott v. Hammerts Iron Works, 968 S.W.2d 120, 121 (Mo. 1998) (en banc) (holding that because defendant was plaintiff's statutory employer, plaintiff's exclusive remedy for on-the-job injuries was under Workers' Compensation Law). Pursuant to Mo. Rev. Stat. § 287.120, employers are immune from common law actions brought by their employees for accidental injuries arising out of and in the course of employment. We hold that the district court correctly determined that Harrah's is the statutory employer of Donovan by virtue of Harrah's joint venture with Players and that, therefore, under the Missouri Workers' Compensation Act, Harrah's is entitled to the same immunity from common law suit that is afforded to Players.[3] See Anderson v. Steurer, 391 S.W.2d 839 (Mo. 1965) (Anderson).

Donovan argues that the district court erred in holding that he was Harrah's statutory employee because (1) he was not working for Riverside Joint Venture at the time of his injury, (2) there is no evidence to suggest that he had ever worked for the joint venture, and (3) Harrah's had no control over any aspect of his work. Donovan also argues that Harrah's should not be able to claim immunity merely because it had formed a joint venture with Players for the operation of a separate enterprise because such reasoning will encourage entities to form joint ventures anywhere for any purpose in order to become immune from liability to any employee of the other for any negligent act.

Despite Donovan's arguments to the contrary, under Missouri law an employee of one party to a joint venture is considered an employee of both parties to the joint

[3]Because joint ventures and partnerships have the same characteristics and are governed by the same laws, the two terms are used interchangeably. See Donovan v. Harrah's Maryland Heights Co., No. 4:99CV1305FRB, slip op. at 8 n.2 (E.D. Mo. Mar. 16, 2001) (order granting summary judgment).

venture.  See id. at 839; see also Ballinger v.Gascosage Elec. Coop., 788 S.W.2d 506 (Mo. 1990) (en banc) (Ballinger) (holding that where party has been negligent, a finding that the party was a joint venturer with plaintiff's employer would preclude common law liability) (overruled on other grounds by Zueck v. Oppenheimer Gateway Props., Inc., 809 S.W.2d 384 (Mo. 1991) (en banc)).  Further, it is well-established that common law liability is precluded when an employee of a joint venture is injured due to the negligence of the joint venturers.  See Ballinger, 788 S.W.2d at 516-17; Anderson, 391 S.W.2d at 842.  Under such circumstances, the only remedy available to employees is under the Missouri Workers' Compensation Act.  See Ballinger, 788 S.W.2d at 517; Anderson, 391 S.W.2d at 842.

## III. Conclusion

For the foregoing reasons, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.