# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2909

———————

| | | |
|---|---|---|
| Reproductive Health Services of | * | |
| Planned Parenthood of the St. Louis | * | |
| Region, Inc., on behalf of themselves | * | |
| and their patients, also known as | * | |
| Planned Parenthood; Robert Crist, | * | |
| | * | Appeal from the United States |
| Appellees, | * | District Court for the |
| | * | Western District of Missouri. |
| v. | * | |
| | * | |
| Jeremiah W. Nixon, Attorney General | * | |
| of Missouri in his official capacity, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: April 14, 2005
Filed: November 28, 2005

———————

Before LOKEN, Chief Judge, FAGG, and BYE, Circuit Judges.

———————

BYE, Circuit Judge.

In 1999, the Missouri legislature enacted the "Infant's Protection Act," which established the crime of infanticide. Mo. Rev. Stat. § 565.300. The statute

criminalizes what is commonly known as partial birth abortion. The district court[1] determined, at summary judgment, the statute was unconstitutional under the Supreme Court's decision in <u>Stenberg v. Carhart</u>, 530 U.S. 914 (2000), because the ban contained no exception for the preservation of the health of the mother. This appeal follows. Reviewing the merits, <u>see</u> <u>Reproductive Health Servs. of Planned Parenthood v. Nixon</u>, No. 04-2674, slip. op. at 3-7 (8th Cir. Nov. 16, 2005) (reviewing the merits of a companion case between the same parties challenging the constitutionality of Mo. Rev. Stat. § 188.039, notwithstanding the Attorney General's claim of Eleventh Amendment immunity); <u>but see</u> <u>id.</u> at 9-13 (Bye, J., dissenting) (concluding the court lacked Article III jurisdiction because the Attorney General lacks enforcement capabilities), we affirm the judgment of the district court.

I

Missouri's "Infant's Protection Act," Mo. Rev. Stat. § 565.300, provides that a "person is guilty of the crime of infanticide if such person causes the death of a living infant with the purpose to cause death by an overt act performed when the infant is partially born or born." As construed by the Missouri Court of Appeals, the law criminalizes the performance of what is known as intact dilation and evacuation (intact D&E) and dilation and extraction (D&X) abortions. <u>See</u> <u>State v. Reproductive Health Servs. of Planned Parenthood</u>, 97 S.W.3d 54, 63-64 (Mo. App. E.D. 2002). These are the procedures commonly known as "partial birth abortions. <u>See</u> <u>Women's Med. Prof'l Corp. v. Taft</u>, 353 F.3d 436, 439 (6th Cir. 2003). The statute states that a "physician using procedures consistent with the usual and customary standards to save the life of the mother during pregnancy or birth to save the life of any unborn or partially born child of the same pregnancy shall not be criminally responsible . . . ." Mo. Rev. Stat. § 565.300(5). The statute does not exempt procedures done to

_____

[1]The Honorable Scott O. Wright, United States District Judge for Western District of Missouri.

-2-

preserve the health of the mother. See Reproductive Health Servs., 97 S.W.3d at 63-65. It also only applies if the fetus/child is alive at the time of the procedure and thus would exempt what would otherwise be a prohibited procedure if death was initially caused via other methods in utero. Mo. Rev. Stat. § 565.300.3.

Planned Parenthood moved for summary judgment relying on the Supreme Court's decision in Stenberg, a brief from Stenberg, a statement by the plaintiff regarding the lower risk associated with intact D&E and a statement of the American College of Obstetricians and Gynecologists. Missouri responded with the statement of their own expert contending the banned procedures were never medically necessary and the findings of Congress that such procedures were never medically necessary. The district court granted the motion for summary judgment finding there was "no genuine issue of material fact as to the presence of a health exception." Reproductive Health Servs. of Planned Parenthood v. Nixon, 325 F. Supp. 2d 991, 994-95 (W.D. Mo. 2004); accord Richmond Med. Ctr. for Women v. Hicks, 409 F.3d 619, 625 (4th Cir. 2005) (holding that Stenberg established a per se constitutional rule).

II

A grant of summary judgment is reviewed de novo. Stone Motor Co. v. General Motor Co., 400 F.3d 603, 607 (8th Cir. 2005). Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1018-19 (8th Cir. 2005). If the movant can show there is no issue as to any material fact the non-movant must "set forth facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "This court may affirm a grant of summary judgment on any ground

-3-

supported by the record, even if not relied on by the district court." Kratzer v. Rockwell Collings, Inc., 398 F.3d 1040, 1043 (8th Cir. 2005).

In Stenberg v. Carhart, 530 U.S. 914 (2000), the Supreme Court struck down a Nebraska law prohibiting partial birth abortions for two independent reasons. First, the Court concluded the lack of an exception to the ban for the preservation of the health of the mother (in contrast to the life of the mother) made the statute unconstitutional. Id. at 938. Second, the Court concluded the Nebraska statute went beyond prohibiting "partial birth abortions" and effectively prohibited the most common form of late term abortions and this restriction was an unconstitutional "undue burden" on the right to abortion itself. Id. at 945-46.

Our recent opinion in Carhart v. Gonzales, 413 F.3d 791 (8th Cir. 2005), required us to determine the legal standards set forth by Stenberg for partial birth abortion regulations. We concluded that while Stenberg does not create a per se constitutional rule requiring a health exception for all partial birth abortion bans, Stenberg does require a health exception whenever "substantial medical authority" supports the need for a health exception. Id. at 797. We also concluded because the "substantial medical authority" question is one of law and the facts underpinning a determination on whether there is "substantial medical authority" are legislative facts, that is, facts which have salience beyond the parties involved, they do not have to be reproven in every subsequent challenge to a partial birth abortion restriction. Id. at 800. Thus, a partial birth abortion ban can only survive review if the government shows the factual situation now existing differs from the factual situation which was present in Stenberg. Id. at 801. It is not sufficient to allege Stenberg was erroneously decided, but rather the government must show there has been some new factual development, such as a newfound consensus in the medical community or new studies on the medical necessity of the banned procedures. Id. at 802.

-4-

Missouri relies on two items of evidence in opposing summary judgment. First, the State relies on the congressional record developed in support of federal Partial-Birth Abortion Ban Act of 2003 to support its position that the banned procedures are never medically necessary. We have, however, already concluded the congressional record (along with congressional findings) do not show there has been a change in the medical evidence since Stenberg was decided. Id. at 801. Second, the State relies on the testimony of one of its experts that the banned procedures are never necessary to preserve the mother's health. This statement adds nothing new. There was evidence in the congressional record and in Stenberg that the medical community disagrees as to the medical necessity of the banned procedures. Id. at 802. Simply proffering the testimony of one expert who supports Missouri's position does not show any new evidence. Because the State has not introduced any evidence showing there has been a change in the medical authority since the Supreme Court's decision in Stenberg, there is no question of material fact and summary judgment was therefore appropriate.

III

For the reasons stated above, the judgment of the district court is affirmed.

_____