**EVERKRISP VEGETABLES INC.,** an Arizona corporation and Bickman Farms, an Arizona general partnership, Plaintiffs,

v.

Bruce OTTO; and Crystal Seed Potato Company, a North Dakota corporation, Defendants.

Case No. 3:10–cv–112.

United States District Court,
D. North Dakota,
Southeastern Division.

April 12, 2013.

Craig E. Johnson, Johnson Ramstad & Mottinger, PLLP, Fargo, ND, Michael D. Martin, Martin Law Office, Lakeland, FL, for Plaintiffs.

Charles A. Stock, Rust Stock Rasmusson & Knutson, P.A., Crookston, MN, for Defendants.

## MEMORANDUM OPINION AND OR-DER DENYING DEFENDANTS BRUCE OTTO AND CRYSTAL SEED POTATO COMPANY'S MO-TION TO DISMISS AND FOR SUMMARY JUDGMENT

RALPH R. ERICKSON, Chief Judge.

Before the Court is Defendants Bruce Otto (hereafter "Otto") and Crystal Seed Potato Company, Inc.'s (hereafter "Crystal Seed") motion for dismissal and for summary judgment (Docs. # 135, 138). Otto contends that he should be dismissed as an individual defendant because he neither owed a duty, nor breached a duty, to Everkrisp. Crystal Seed contends it is entitled to summary judgment on the negligence claim alleged in the Amended Complaint because there is no evidence of breach of a duty and, alternatively, the claim is barred by the economic loss doctrine.

Plaintiffs Everkrisp Vegetables Inc. and Bickman Farms (hereafter collectively referred to as "Everkrisp") have filed a brief in opposition to the motion (Doc. # 143). Everkrisp contends that Crystal Seed and Bruce Otto were negligent in failing to properly sanitize and disinfect the equipment, containers, and warehouse, which caused the seed potatoes to become infected with bacterial ring rot. Everkrisp alleges that because of the defective seed potatoes, it sustained a loss of its potato crop and it was unable to use the land from 2009 to 2011.

### SUMMARY OF DECISION

While the infected seed potatoes were produced and sold by Crystal Seed, Bruce Otto managed the day-to-day operations of the business and there is evidence from which a reasonable jury could find him personally negligent for failing to sanitize and disinfect the equipment, containers, or the warehouse, which allowed the tubers to

become infected. There is also a genuine issue of material fact as to whether Crystal Seed breached a duty to maintain proper sanitary conditions in the warehouse, in its containers, or on its equipment and whether the breach is a proximate cause of the alleged damages. Thus, Otto and Crystal Seed's motions to dismiss and for summary judgment on the negligence claims are DENIED.

### PROCEDURAL BACKGROUND

On May 11, 2011, this Court granted Tobiason Potato Company's motion to dismiss under N.D. Cent.Code § 28–01.3–04 (liability of a nonmanufacturing seller) (Doc. # 73). In doing so, the Court determined North Dakota law applied in this diversity action. Judgment dismissing all claims against Tobiason was entered on this same day (Doc. # 74).

In January 2012, Defendants Bruce Otto, Susan Otto, and Crystal Seed filed a motion to dismiss and/or for summary judgment. Before the Court ruled on the motion, Everkrisp moved to amend the complaint (Doc. # 116). The Court granted the motion for summary judgment as to the tort claims, granted the motion to dismiss Bruce and Susan Otto in their personal capacities, and granted the motion to limit damages (Doc. # 119). The Court also granted Everkrisp's motion to amend the complaint (Doc. # 123).

In the amended complaint, Everkrisp alleges a claim for negligence against Bruce Otto, personally, and against Crystal Seed. Everkrisp seeks damages resulting from the loss of its 2009 potato crop and for contamination of its soils and lands.

### FACTUAL BACKGROUND

Because the parties are familiar with the facts and they have been previously recited by the Court, the Court will refer to the facts in this Order only as necessary to decide the pending issues.

Crystal Seed is a grower of potato seed buds (Doc. # 52, Answer at ¶ 5). Bruce Otto owns 49.9 percent of the corporation, Robert Otto owns 49.9 percent of the corporation, and John Otto owns .2 percent of the corporation (Doc. # 106, Dep. Bruce Otto pp. 10–11). Bruce Otto handles almost all of the operations of the corporation. *Id.* at 13.

Everkrisp received approximately 1,546,260 pounds of seed potatoes, which were packed in plastic totes inside the truck.[1] Upon receipt, Everkrisp unloaded the totes and either stored the seed potatoes in a shed or cut them for immediate planting (Doc. # 106, Dep. Houge p. 27). When Everkrisp began harvesting the potatoes in April 2009, it discovered an inordinate amount of rotten potatoes. *Id.* at pp. 34, 54. This was the first time Everkrisp discovered the potatoes were diseased. *Id.* at p. 56. After testing by a North Dakota seed potato inspector, Everkrisp and Crystal Seed learned that the potatoes were infected with bacterial ring rot.

The North Dakota State Seed Department conducted an investigation in an effort to determine the origin of the infection. After Everkrisp discovered the bacterial ring rot in its crop, inspectors from the State of North Dakota obtained samples from Crystal Seed's warehousing bins. A visual inspection revealed that the potatoes were of adequate size and shape, and did not show any physical de-

---

1. In addition to the seed potatoes received from Crystal Seed, Everkrisp received seven truckloads of seed potatoes from Gillesham- mer–Thiele. The seed potatoes from Gilleshammer–Thiele are not at issue in this lawsuit.

fects or deformities. A microscopic examination revealed the potatoes were infected with bacterial ring rot (Doc. # 106, Dep. Otto pp. 97–99, 109).

## DISCUSSION

### 1. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to establish the basis for its motion. *Donovan v. Harrah's Md. Heights Corp.,* 289 F.3d 527, 529 (8th Cir. 2002). Evidence must be viewed in the light most favorable to the nonmoving party, and the nonmoving party enjoys the benefit of all reasonable inferences to be drawn from the facts. *Quinn v. St. Louis County,* 653 F.3d 745, 750 (8th Cir.2011). If the moving parry shows there are no genuine issues of material fact, the burden shifts to the non-moving party to set forth facts showing a genuine issue for trial. *Donovan,* 289 F.3d at 529.

### 2. Negligence Claim

■ Crystal Seed contends that Everkrisp's negligence claim should be dismissed because there is no credible evidence to support the claim. Crystal Seed asserts that the mere presence of bacterial ring rot in Crystal Seed's storage bins does not prove there was negligence by Crystal Seed While Crystal Seed is correct that the mere presence of the latent disease does not "prove" a claim for negligence, when viewed in light of the other salient facts, it is evidence that raises a genuine issue for trial.

On May 3, 2012, 870 F.Supp.2d 745 (D.N.D.2012), this Court granted summary judgment as to the tort claims alleged against Crystal Seed (Doc. # 119). After the Order was filed, Everkrisp visited Crystal Seed's warehouse and took the deposition of Bruce Otto, individually and as representative of Crystal Seed, for the purpose of ascertaining the elements of the warehousing operation. Otto testified that the primary disinfectants used in the Crystal Seed warehouse are Rocadyne and bleach (Doc. # 143–1, Dep. Otto pp. 9–10). There is a "dip pot" by the entrance of the warehouse used to disinfect the shoes of individuals entering the warehouse. *Id.* An individual steps into the pot and then steps out and proceeds into the warehouse. *Id.* Everkrisp contends this process allows a person to pick up materials brought in by non-disinfected equipment and carry them all over the warehouse. Everkrisp also asserts that according to Otto's testimony, he failed to mix the Rocadyne according to the manufacturer's instructions. It believes Otto diluted the solution by approximately 30 percent.

Everkrisp has also submitted a number of photographs, which it believes demonstrates the presence of unsanitized equipment and an inadequate disinfectant program. For example, Everkrisp points to photographs taken during a warehouse inspection which it alleges show equipment and boxes of disinfectant covered with grime, a disinfecting sprayer covered with dust, disinfectant containers that appear to be very old, containers of disinfectants behind empty oil containers, and debris in wheelbarrows (Docs. # 143–2 to 143–7). While this evidence might not be proof of negligence, it is enough to raise a factual question for the jury to decide.

After Everkrisp's potato crop was discovered to be contaminated, a North Dakota State Seed inspector discovered potatoes in Crystal Seed's warehouse that were infected with bacterial ring rot (Doc. # 106, Dep. Otto pp. 97–99, 109). Everkrisp believes the origin of the problem

lies in Crystal Seed's negligent handling of its warehouse operations. Everkrisp has presented evidence that warehouse containers, tools, knives, and other equipment should be washed regularly with a detergent solution, rinsed, and sanitized with a disinfectant to avoid the spreading of disease (Doc. # 144–9, Ohio State University Extension Fact Sheet). Everkrisp has set forth sufficient evidence to raise a factual question for the jury to decide whether Crystal Seed acted negligently in its efforts to sanitize the warehouse and avoid the spread of disease.

Upon consideration of all of the evidence in the record, there is a genuine issue of material fact on whether Crystal Seed breached a duty to maintain proper sanitary conditions in the warehouse, in its containers, or on its equipment. There is also sufficient evidence to create a genuine issue of material fact on whether the alleged negligent warehouse operations proximately caused the bacterial ring rot to be shipped to Everkrisp and introduced into Everkrisp's fields. Crystal Seed's motion for summary judgment on the negligence claim is denied.

 Alternatively, Crystal Seed contends the economic loss doctrine bars the negligence claim. "Under the economic loss doctrine in North Dakota, 'economic loss resulting from damage to a defective product, as distinguished from damage to other property or persons, may be recovered in a cause of action for breach of warranty or contract, but not in a tort action.'" *Leno v. K & L Homes, Inc.*, 803 N.W.2d 543, 550 (N.D.2011) (quoting *Steiner v. Ford Motor Co.*, 606 N.W.2d 881, 884 (N.D.2000)). While the North Dakota Supreme Court has not yet considered whether tort recovery is permitted for damage to "other property", the Eighth Circuit and the District of North Dakota have addressed this issue. These courts, in adopting an expansive approach

to the economic loss doctrine, have predicted that the North Dakota Supreme Court would preclude liability in tort for physical damage to property where the "damage was a foreseeable result of a defect at the time the parties contracted." *Dakota Gasification Co. v. Pascoe Bldg. Sys.*, 91 F.3d 1094, 1099 (8th Cir.1996); *DJ Coleman, Inc. v. Nufarm Americas, Inc.*, 693 F.Supp.2d 1055, 1064 (D.N.D.2010); *Albers v. Deere & Co.*, 599 F.Supp.2d 1142 (D.N.D.2008). There has been no subsequent state court decision or statutory amendment rendering the prediction clearly wrong and thus this Court will apply the precedent established by the Eighth Circuit and followed by this Court.

 The defective fertilizer cases relied on by Crystal Seed are inapposite with regard to Everkrisp's claim for damage caused to "other property." Applying the "foreseeability approach" established in *Dakota Gasification,* the alleged damages to the potato crop caused by bacterial ring rot was something that was clearly foreseeable when Everkrisp purchased the seed potatoes. *See DJ Coleman, Inc.*, 693 F.Supp.2d at 1064 (economic loss doctrine barred commercial farm's negligence claim against herbicide manufacturer as damage to sunflower crop was clearly foreseeable in the event of a defect in the herbicide). Reasonable farmers anticipate that a defective seed, or a defective fertilizer, could cause crop loss. Reasonable farmers would not anticipate that a detective seed would contaminate the soils in such a way that the land must lay fallow for at least two years. That is a consequence that is not reasonably foreseeable and not barred by the economic loss doctrine.

Crystal Seed disputes what was required to eradicate the contaminated tubers in the soil and return the land to useable farmland. Whether Everkrisp's actions to remedy the contamination were

necessary or reasonable are jury questions. Crystal Seed is not entitled to summary judgment under the economic loss rule.

### 3. Bruce Otto's Personal Liability

Everkrisp seeks to impose personal liability on Bruce Otto, a part-owner of Crystal Seed. Officers and directors of a corporation are generally not liable for the ordinary debts of a corporation. *Axtmann v. Chillemi,* 740 N.W.2d 838, 843 (N.D. 2007). However, since the Court's previous summary judgment order, Everkrisp has presented evidence of Otto's personal involvement in the alleged negligent acts. Otto is responsible for overseeing the day-to-day operations of the business, including warehouse sanitation. While Otto claims that he owed no duty to Everkrisp, he owes a duty of ordinary care in the performance of his duties and that duty runs through corporation to the corporate customers. *Wills v. Schroeder Aviation, Inc.,* 390 N.W.2d 544, 547 (N.D.1986). Under North Dakota law, negligence is the lack of ordinary care and diligence required by the circumstances. Negligence consists of a lack of concern for the probable consequences of an act or the failure to act as a person of ordinary prudence would act in conducting one's own affairs. NDJIG C–2.05. Whether a certain act or failure to act is negligence depends on the facts and circumstances of the particular case. There is a genuine issue of material fact on whether Otto exercised ordinary care and diligence in this case.

Contrary to Otto's argument that he should be absolved of any personal liability, "[i]t is well settled that '[a] corporate agent cannot shield himself from personal liability for a tort he personally commits or participates in by hiding behind the corporate entity; if he is shown to have been acting for the corporation, the corporation may be liable, but the individual is not thereby relieved of his own responsibility.'" *Wills,* 390 N.W.2d at 547. Thus, Otto, in addition to the corporation, can be held personally liable for his own negligent conduct. Bruce Otto's motion to dismiss the negligence claim against him is **DENIED.**

### *DECISION*

Because there are genuine issues of material fact regarding Everkrisp's negligence claims, Crystal Seed's motion for summary judgment is **DENIED.** In addition, Everkrisp has alleged that Bruce Otto was negligent in carrying out his duties as warehouse manager. He, in addition to the corporation, may be held liable for his own negligent acts and is not entitled to be dismissed as a defendant in this action.

Defendants Bruce Otto and Crystal Seed have not requested a hearing on their motions. Everkrisp, however, requested a hearing (Doc. # 149). The Court set the matter on for a hearing on April 23, 2013. Upon a careful review of all of the submissions and the law, the Court is fully apprised of all of the arguments of the parties. A hearing would not assist the Court in deciding any of the issues. The hearing set for April 23, 2013 is, therefore, cancelled.

If the parties would like to consider holding a settlement conference prior to trial, they should contact the magistrate judge for scheduling information.

**IT IS SO ORDERED.**